BOLIN, Judge.
This is an appeal from the action of the District Court of Ouachita Parish, Louisiana, sustaining an exception of no cause or right of action filed by defendants and ordering the dismissal of plaintiff’s suit at his costs. The petition alleges that on and prior to November 27, 1957, petitioner, L. A. West, and defendant, M. J. Car-bone, were engaged in a commercial venture of constructing a Holiday Inn Motel on the Airline Plighway leading into New Orleans; that petitioner and defendant Carbone formed the defendant corporation, Carbone-West No. 1 Plotel Builders, Inc., for the purpose of constructing and operating the Holiday Inn Motel. It is further set forth by way of background information that these individuals desired to obtain other properties for an expansion of the motel business, as the Holiday Inn usually exceeded its capacity.
In connection with the proposed expansion of the motel operation, the petition alleges that “Rozal’s Motel” was situated in close proximity to, and immediately north of, the Holiday Inn Motel, and that West and Carbone decided to acquire the ownership of, or a leasehold interest in, the Rozal’s Motel in order that excess customers from the Holiday Inn might be diverted to the additional facility.
Subsequently, it is alleged that petitioner West entered into negotiations with Linro, Inc., the corporate owner of Rozal’s Motel, for the purchase and/or lease of that property; that all such negotiations and discussions between West and the said Linro, *418 Inc., were carried on and conducted with the knowledge, consent and permission of defendant Carbone and with his understanding that any lease or purchase agreement concluded by West would constitute the joint property of the said parties “and/or the property of the defendant corporation”.
As a result of the foregoing negotiations, West concluded a lease upon the Rozal’s Motel, which is referred to in plaintiff’s petition and is attached to defendants’ exception. This instrument was taken in the individual name of West and nowhere therein does the name of the defendants appear. It is averred,that following the execution and recordation of the said lease defendant Carbone was advised thereon and again consented to and acknowledged the proposed joint ownership and operation thereof by himself and West “and/or as a corporate asset” of Carbone-West No. 1 Hotel Builders, Inc. It is then alleged that a written assignment of an undivided one-half interest in the above-described lease was prepared and presented to defendant Carbone for execution, which he failed and refused to execute.
In order to show damages, the petition then sets forth that the said Holiday Inn Motel, formerly owned by defendant corporation has been sold and both defendants have continually refused to accept an interest in the leased premises. Petitioner alleges damages in the aggregate amount of $75,000, representing operating losses and lease cancellation penalties.
Having alleged that the lease was to be owned by either West and Carbone individually in equal parts “and/or the corporation”, petitioner then avers in Paragraph 14 affirmatively that the intention of himself and Carbone was to operate the premises as a joint partnership venture owned in the proportion of an undivided one-half interest each, and that Carbone, having repudiated his oral contract with petitioner, is indebted to petitioner in the amount of one-half of the loss suffered. Paragraph 15 alleges in the alternative, and should the court determine that the parties contemplated a corporated operation of Rozal’s Motel rather than a joint venture, that he is entitled to recover his full losses, damages and penalties from the said Carbone-West No. 1 Hotel Builders, Inc.
Defendants appeared and filed an exception of no cause or right of action which was in general form but apparently based on their contention that the plaintiff never alleged a meeting of the minds as to who would become the owner of the lease, and therefore there was never any consent by either defendant to be bound, thereby rendering the agreement sued upon null and void under Louisiana law.
Plaintiff’s cause of action seems to be predicated principally on Paragraph V of his petition, which is as follows:
“That the negotiations and discussions between West and the above-named Board of Directors were carried on with the full knowledge, consent and permission of defendant, Car-bone, and with his complete understanding that any lease or purchase agreement concluded by West would constitute the joint venture and property of the said parties and/or the property of the above-described defendant corporation for an expansion of the operations of the Holiday Inn Motel; that it was clearly and fully understood by both West and Carbone that any leasehold or property interest ultimately acquired would be owned operated and carried out by West and Carbone as equal partners therein as a joint venture between them, or as a corporate asset of Carbone-West No. 1 Hotel Builders, Inc. * * *” (Emphasis ours.)
In the concluding sentence of Paragraph VI of his petition plaintiff has this to say:
“West was acting for and on behalf of the partnership or joint venture *419 existing between him and Carbone and/or on behalf of the corporation, Ca-rbone-W est No. 1 Hotel Builders, Inc.” (Emphasis ours.)
A reasonable interpretation of the above allegations seems to us to be that the plaintiff entered into the written lease in his own name, but had an oral agreement that the lease in fact would become the property of a joint venture composed of West and Carbone; or of a corporation known as Carbone-West No. 1 Hotel Builders, Inc. He says his agreement as to ownership was with one of the two legal entities, but he does not aver which of the two was bound.
The law of Louisiana is clear that there must be at least two or more parties to an agreement, and each must consent to be bound thereby in order to have an enforceable agreement. This principle is universal in the law of contracts and our LSA-Civil Code contains a number of articles on this point.
Article 1766 is as follows:
“No contract is complete without the consent of both parties. In reciprocal contracts it must be expressed. In some unilateral contracts the law provides that under certain circumstances it shall be presumed.” (Emphasis ours.)
Article 1779 provides:
“Four requisites are necessary to the validity of a contract:
“1. Parties legally capable of contracting.

“2. Their consent legally given.

“3. A certain object, which forms the matter of agreement.
“4. A lawful purpose.” (Emphasis ours.)
Article 1798 contains perhaps the clearest explanation of all, which is as follows:
“As there must be two parties at least to every contract, so there must be something proposed by one and accepted and agreed to by another to form the matter of such contract; the will of both parties must imite on the same point.” (Emphasis ours.)
In the case of Martin Lumber Co. v. Saint Denis Securities Co., Inc., 1954, 225 La. 51, 72 So.2d 257, 260 rehearing denied, the facts were that defendant, -through its president, made a written offer to sell-the real property involved in the suit. Defendant contended he accepted the offer to sell by writing a letter which contains the following language:
“Norman desires to accept this offer ■ — -either for the account of himself or ■Martin Lumber Company, Inc., in which he is a stockholder and director ; this is to be determined at the time of closing of the sale.” (Emphasis ours.)
In the instant case, the facts are very similar in that the plaintiff says the lease was to be owned by one of two legal entities, and it was never decided which one. In passing upon this same point, our Supreme Court had this to say:
“It is perfectly plain to us that the foregoing letters are insufficient to constitute a binding contract to sell and purchase. Whereas, the letter of March 26th is undoubtedly an offer by Jones to sell the land stated therein for $18,000, the communication of March 27th, written by Roy 0. Martin, plaintiff’s President, falls far short of being an unqualified acceptance of it. It appears from that letter that Roy O. Martin undertook to act for his son,, Norman Martin, and he states that Norman is accepting Jones’ offer ‘either for the account of himself or for the account of Roy O. Martin Lumber Company, Inc. in which he is a stockholder and director; this to be determined at the time of the closing of the *420 sale.’ Obviously, Norman Martin was not bound by this alleged acceptance for, according to its terms, he was given the prerogative of deciding zvhether he would be personally responsible or whether he was accepting for plaintiff corporation. Under these circumstances, an action for specific performance against him would have been unavailing.” (Emphasis ours.)
Another decision hearing upon the question of failure to aver affirmative consent by one defendant is Woodward v. Barringer, La.App. 2 Cir., 1945, 24 So.2d 200, 203. In that case plaintiff sought to set aside and annul a sale of one-half interest in minerals in and under certain lands located in Oua-chita Parish, Louisiana. Plaintiffs contended the sale was for one-half of the royalties instead of minerals. The evidence showed that one party thought he was selling royalties, and the other thought he was buying minerals. In holding that there had never been a meeting of minds and that plaintiff had never validly given his consent to sell minerals, this court stated:
“It is also true that of the four essentials to the confection of a valid contract consent legally given is primary. Civil Code Arts. 1766 and 1779. The minds of the contracting parties must have met, as regards the substantial elements of the contract, as a condition precedent to its validity. And when, as in this case, the testimony clearly establishes that the minds of both sides to the contract did not meet touching the primary matter involved, consent was absent,, and the conclusion is inescapable that plaintiffs were in error in signing it.” (Emphasis ours.)
In the instant case, plaintiff says the lease was to be owned by one defendant “and/or” the other defendant. Admitting this to be true, can anyone say that either defendant has legally consented to bq bound ?
The law is so clear on this point we think further citation of authority is unnecessary. Neither the principal nor the alternative-demand alleges which of the two defendants-was to own the lease, and under the cited-authorities there could not be any agreement by either defendant to become the owner of the contract.
We are, therefore, of the opinion that the exception was properly sustained because of the failure to allege the necessary consent by either defendant.
On the other hand, the mere failure of plaintiff to allege a cause of action does not necessarily require the absolute dismissal of his case. Plaintiff was willing to amend his pleadings in any way directed or permitted by the court to Correct any omissions in his pleadings. We feel the fatal defects in his pleadings are those as to form and under the well-established modern jurisprudence, he should have been given the opportunity to supply, if possible, the needed allegations by amendment. See Reeves v. Globe Indemnity Co., 1936, 185 La. 42, 168 So. 488 rehearing denied; also Wheeler v. Rodriguez, 1930, 13 La.App. 97, 126 So. 715, where the case was remanded to allow amendment as defect was due to insufficiency of allegation. To the same effect are Beneficial Loan Soc. of New Orleans v. Strauss, La.App.Orleans, 1933, 148 So. 85; Messina v. Societe Francaise De Bienfaissance, La.App.Orleans, 1936, 170 So. 801; Arceneaux v. Louisiana Highway Commission, La.App.Orleans, 1941, 5 So.2d 20; and Simoneaux v. Gonzales, La.App. 1 Cir., 1941, 4 So.2d 35.
For the reasons assigned the judgment of the lower court is affirmed insofar as it maintained the exception filed by defendants; in all other respects the judgment is-reversed and set aside, and the case is remanded to the lower court in order that plaintiff might file such amended pleadings-as may be appropriate. All costs to await the final outcome of the suit.
Remanded.