PER CURIAM.
Petition for w-rit of certiorari is presently pending in the Supreme Court of Florida to this court’s judgment of reversal of a summary judgment entered by the circuit court of Dade County, Florida. The views of Associate Judge Barns in. this case were expressed by him in a written opinion.[1] Judges Carroll and Horton concurred in the judgment of reversal' only.
In an opinion rendered June 21, 1961, the Supreme Court of Florida requested this court to “ * * * prepare and adopt an opinion setting forth the theory [and reasoning] upon which it based its per curiam. * * * reversal * * [131 So.2d 481.] Since the views of Associate Judge Barns have been expressed by him in a written opinion, the following are the reasons relied upon by the majority of the court who did not concur in the aforesaid opinion.
The facts, we feel, are fairly stated in the opinion of Associate Judge Barns. The majority of this court are of the view, and so hold, that under the factual situation in this case, there was no splitting of a cause of action, and assuming, arguendo, that it did occur, such defense under the facts here has been waived by the actions-of the Rosenthals.
 We feel it was incumbent on the Rosenthals, who were parties defendant in both actions, and simultaneously defending these actions, to come forth at the first opportunity after gaining knowledge of their pendency, and seek to abate one or the other of the actions. Having failed so to do, they should now be estopped to-urge the abatement of the action after judgment of dismissal in the first action. As an observation, but not necessarily a reason, we wish to point out that the Ros-enthals contend that Scott should have intervened or joined in the suit by his collision carrier in the civil court of .record. This court judicially knows that the limit of the jurisdiction in the civil court of record is $5,000, whereas Scott filed suit for *349 his personal injuries in the circuit court claiming damages in excess of $5,000. Under such circumstances, it is not clear just how Scott could or would have been permitted to intervene in the carrier’s action. Although we recognize the similarity of a plea which seeks to bar a pending action on the theory of splitting causes of action, and a plea of res judicata, nevertheless, we are not confronted with the application of the latter because the Ros-enthals have not attempted to plead the judgment in the civil court of record as a bar to the action in the circuit court. The Rosenthals simply sought an abatement of the action in the circuit court under the theory announced in Mims v. Reid, Fla.1957, 98 So.2d 498.
Having complied with the request contained in the opinion of the Supreme Court of Florida, this court no longer has jurisdiction, and the cause is forthwith returned to that court for further consideration.
It is so ordered.

. Scott v. Rosenthal, Fla.App.1960, 118 So. 2d 555.