150 So.2d 37 (1963)
L. A. WEST, Plaintiff-Appellant,
v.
M. J. CARBONE et al., Defendants-Appellees.
No. 9864.
Court of Appeal of Louisiana, Second Circuit.
February 7, 1963.
*38 Theus, Grisham, Davis, Leigh & Brown, Monroe, for plaintiff-appellant.
Thompson, Thompson & Sparks, Monroe, for M. J. Carbone and Carbone-West #1 Hotel Builders, Inc., defendants-appellees.
Before HARDY, GLADNEY, and AYRES, JJ.
AYRES, Judge.
Plaintiff West, by this action, seeks reimbursement of defendant Carbone, or of Carbone-West #1 Hotel Builders, Inc., the sum of $37,500 which allegedly represents one-half of losses incurred by West by reason of his lease and operation of the Rozal's Motel, which lease, although negotiated and executed by West individually, is alleged to have been jointly, owned by plaintiff and Carbone, or owned by the corporation. From an adverse judgment, plaintiff appealed.
This cause was before us heretofore on an exception of no cause of action which was sustained to the extent of requiring an amendment of plaintiff's pleadings. La. App.2d Cir., 1960, 126 So.2d 416.
The record discloses that in 1957 West and Carbone undertook the construction and the operation of a Holiday Inn motel on Airline Highway leading into the City of New Orleans. A site was obtained therefor and a corporation, Carbone-West #1 Hotel Builders, Inc., was organized not only to construct but to operate the motel. On November 27, 1957, West obtained a 50-year noncancellable lease at a rental of $1,500 per month on Rozal's Motel, located across a side street from the Holiday Inn. *39 West contends that the negotiations for the lease were conducted with the knowledge, permission, and consent of Carbone; that the lease obtained constituted joint property of West and Carbone, or property of the corporation; but that, notwithstanding these facts, Carbone and the corporation refused to accept an assignment of their interests in the lease. Of the loss allegedly sustained, $40,000 thereof was attributed to losses in operating the motel and $35,000 was expended in obtaining a cancellation of the lease, one-half the total of which represents the claim made upon the defendants herein.
The issues presented for resolution are solely factual in character. The burden was upon plaintiff to establish, with legal certainty and by a preponderance of the evidence, the alleged contract between him and Carbone wherein the latter assumed the obligation as lessee with plaintiff in the lease covering the Rozal's Motel property.
It is elementary there must be two parties, at least, to every contract, and that no contract is complete without the consent of both parties. There must be something proposed by one and accepted and agreed to by another to form the subject matter of a contract, and the wills of both parties must unite or agree. Four requisites are necessary to the validity of a contract: (1) the parties must be legally capable of contracting, (2) their consent legally given, (3) a certain object which forms the subject matter of the agreement, and (4) a lawful purpose. LSA-C.C. Art. 1779.
Our review of the record fails to disclose any manifest error in the conclusions reached by the trial court to the effect that plaintiff had failed to establish his claim to a legal certainty and by a reasonable preponderance of the evidence. Plaintiff's claim is supported primarily by his own testimony; the defense by that of the defendant, Carbone. West testified that, at the beginning of the venture, he and Carbone agreed that any properties acquired by either of them relating to the motel business would be acquired on a partnership basis in which they would have equal interests. Nevertheless, on the night previous to plaintiff's acquisition of the Rozal's Motel lease, plaintiff and defendant Carbone had a serious disagreement, which actually led to a physical encounter between them. Plaintiff admits that he and Carbone agreed, on that occasion, to terminate all their relationships. West further testified that two days later he returned to Monroe to obtain funds with which to buy Carbone's interest in and to all their properties and operations in New Orleans. Notwithstanding this testimony, West, nevertheless, proceeded to execute the lease in his individual capacity with the owners of the Rozal's Motel.
There is no testimony from which it could be concluded that West and Carbone entered into a subsequent agreement with reference to their properties or with reference to the lease herein concerned.
All negotiations for the lease were conducted entirely by West. The only evidence in support of an actual oral agreement between West and Carbone, with reference to the lease, is that given by West and an implication of the existence of such a contract in a written statement of one Weir who was an employee of Carbone-West #1 Hotel Builders, Inc. This statement, however, was retracted by Weir while testifying upon the trial of the case. His former statement was predicated upon an opinion which he drew from overhearing conversations between these parties, which conversations indicated to him that the Rozal's Motel property would be an annex to the Holiday Inn motel. West was the only witness testifying with reference to any verbal contract or agreement after the altercation between him and Carbone and after the execution of the lease. West's testimony in this regard is vehemently denied by Carbone, as is all other testimony given by West having any reference to a joint venture in the acquisition of the Rozal's Motel lease.
Moreover, of significance is the testimony of West himself wherein he stated *40 emphatically that he did not know whether the lease was taken by him, in behalf of defendant Carbone and for himself, or whether it was to inure to the benefit of the defendant corporation or another corporation to be created.
Such an agreement, as pointed out in the former opinion of this court, could not constitute a legal and valid contract. Where one of the contracting parties was, in a similar manner, left in doubt, it was stated that the negotiations and arrangements were merely tentative and incomplete, and the contract itself was dependent upon a subsequent written agreement. Roy O. Martin Lumber Co. v. Saint Denis Securities Co., 225 La. 51, 72 So.2d 257. In such an event, that is, where the negotiators contemplate and provide there shall be a contract in writing, neither party is bound until the writing is perfected and signed. Breaux Brothers Const. Co. v. Associated Contractors, 226 La. 720, 77 So.2d 17; Evans v. Dudley Lumber Co., 164 La. 472, 114 So. 101; Fredericks v. Fasnacht, 30 La.Ann. 117.
The testimony not only fails to establish a specific agreement between West and Carbone, or with the defendant corporation, that the lease was to be owned by West and Carbone jointly or in its entirety by the corporation, but likewise fails to establish any general agreement relative to a partnership between West and Carbone as to all motel property or interests which might be obtained. Such an agreement would assume the nature of a universal partnership (LSA-C.C. Art. 2829), which, in order to be valid, must be in writing, signed by the parties (LSA-C.C. Art. 2834), and registered. Lagarde v. Dabon, 155 La. 25, 98 So. 744; Gadlin v. Deggs, La.App. Orleans, 1945, 23 So.2d 704.
The trial court was of the persuasion that the testimony offered by the defendants to the effect that the lease of Rozal's Motel was not owned in whole or in part by either defendant was of greater weight and probative value than was the evidence offered by plaintiff, and concluded that the evidence was insufficient to establish a contract between plaintiff and either defendant for ownership of the lease of the motel. Not only do we fail to detect any basis for disagreement, but, from our own review and study of the record, we find ourselves in complete accord with these conclusions.
Accordingly, the judgment appealed should be, and it is hereby, affirmed at plaintiff-appellant's cost.
Affirmed.