AYRES, Judge.
This is an action by plaintiff on a contract signed by M. J. Carbone, as an officer of the defendant corporation, covering a lease of 24 television receiver sets and an antenna system used by and in Rozal’s Motel. In a third-party complaint, defendant sought judgment against L. A. West for any amount in which it might be condemned. From a judgment in favor of plaintiff against the defendant, Carbone-West #1 Hotel Builders, Inc., in liquidation, and in favor of the defendant against L. A. West for the sum of $1,983.22, West devolutively appealed.
This case was consolidated for trial with that of West v. Carbone et al., 150 So.2d 37 bearing No. 9864 of the docket of this court, and with that of West, d.b.a. West Lumber & Supply Company v. Carbone-West #1 Hotel Builders, Inc., in liquidation, 150 So.2d 42 of this court, both of which have been this day decided.
The only issue involved in this appeal is whether the rentals due under the aforesaid contract were the obligation of Car-bone-West #1 Hotel Builders, Inc., or that of L. A. West.
The contract herein sued upon was only one of two such contracts, one of which covered the lease of television sets for use by the Holiday Inn motel, and the other, the one herein sued upon, covered the use of other television sets by Rozal’s Motel; although the contract was executed and signed by Carbone, as an official of Car-bone-West #1 Hotel Builders, Inc., the contract was for the use and benefit of West, the lessee and operator of Rozal’s Motel. By combining the two contracts, West, as the operator of Rozal’s Motel, received a lower rate for the use of said sets than he would have received for the limited number used at Rozal’s Motel. West claims that the defendant corporation, by virtue of its relationship with Rozal’s Motel, owed the debt in its entirety; that is, the defendant was obligated not only for the rentals of the sets supplied the Holiday Inn, but of the sets used by Rozal’s Motel.
The defendant corporation and its liquidator, M. J. Carbone, claim that this contract was executed as a gratuity of the corporation for West, one of the owners of the defendant’s corporate stock; that the contract was executed so that West would obtain a lower price per unit for the rentals of the television sets desired for operation in Rozal’s Motel.
It was determined, in one of the aforesaid suits, No. 9864, that West was the sole lessee and operator of Rozal’s Motel, and that, accordingly; neither the corporation nor Carbone had any interest or *42 concern therein. The preponderance of the evidence supports the proposition that the corporation, through its officer, executed the contract as a courtesy to and for the sole use and benefit of West. West procured the contract to be executed by the defendant corporation. Without objection or protest, West received the services and was the sole beneficiary under the contract. Under such circumstances, he is not now in position to repudiate the contract executed for and on his behalf and for his use and benefit.
For these reasons and the reasons assigned in the companion suit, the judgment .appealed is, in our opinion, correct, and, accordingly, it should be, and it is hereby, affirmed at the cost of the third-party defendant, L. A. West.
Affirmed.