AYRES, Judge.
This action, as well as that of West v. Carbone et al., 150 So.2d 37, and Tele-Sound, Inc. v. Carbone-West #1 Hotel Builders, Inc., in liquidation, 150 So.2d 40, of this court, this day decided, arose out of the construction and operation of the Holiday Inn motel in the City of New Orleans.
In the present action, plaintiff seeks to collect an alleged balance of the purchase price of certain air-conditioning equipment furnished the defendant corporation for use in the construction of the motel. The defendant reconvened alleging that plaintiff West overcharged for the equipment *43 and fraudulently procured an involuntary payment therefor. Specifically, plaintiff seeks to recover judgment for the sum of $3,308.23 as the balance due for said equipment, the price of which plaintiff determined by deducting a discount of 40% from the “retail” price, to which was added the State sales tax.
Purchase of the equipment was admitted by defendant, but the price therefor was disputed. Defendant contends that, by an agreement of the parties, the price was to have been determined by the price at which the project engineer could have purchased the equipment on an open market from other suppliers. In that regard, defendant contends that the equipment could have been so purchased for a price of $2,265.00, or for $1,043.23 less than the amount sued for. Accordingly, defendant admitted there was due plaintiff on this item the sum of $2,265.00.
In reconvening, defendant seeks to recover judgment against the plaintiff for an overpayment of $11,584.32 on other air-conditioning equipment sold and invoiced by him to the corporation in violation of the agreement, and to also recover judgment for an additional sum of $2,803.93 representing advances made by defendant corporation to West on his individual operations. By means of compensating and offsetting the debts, one against the other, a net amount of $12,123.25 was allegedly due defendant by plaintiff. After trial, there was judgment in favor of defendant and against the plaintiff in the aforesaid sum and plaintiff appealed.
On this appeal, only factual issues are involved. The evidence was reviewed in a written opinion by the trial court. All questions of fact were resolved against the plaintiff. Defendant’s position is that the evidence clearly supports the judgment rendered; that there is no manifest error, and that, accordingly, the judgment should not be disturbed.
West testified, in his own behalf, that he had a contract with the defendant corporation to furnish the air-conditioning equipment for the motel at its retail price, less either 30% or 40% discount. He did not make it clear as to the rate of discount, but, in his calculations, allowed 40%. The defendant offered, in evidence, the testimony of Carbone, one of defendant corporation’s liquidators; Walter W. Weir, the manager of the corporation; and D. F, Burkhalter, the engineer who supervised the installation of the air-conditioning equipment. Burkhalter was also project engineer in the construction of the motel. Weir testified that he was present when the contract was made for the purchase of the air-conditioning equipment at the distributor’s cost. Burkhalter’s testimony is to the same effect. The testimony of these witnesses supported and corroborated the contentions of Carbone. Burkhalter testified that the manufacturer of the air-conditioning equipment installed in the motel allowed discounts of 50% and 10%, and that the overcharge for the equipment for which invoices had been presented and paid aggregated $11,584.32. The evidence likewise supported defendant’s contention that there was an overcharge of $1,043.23 on the items making up the account herein sued upon by plaintiff, as well as the sum of $2,803.93 advanced to plaintiff for his personal and individual operations and use.
With respect to his testimony, West first testified that he made payment to the manufacturer of the equipment in accordance with the invoices presented defendant corporation. This testimony was not corroborated by his checks. His checks disclosed that the payments made by him were $10,000.00, or more, less than the invoices. When this discrepancy was disclosed, and after the court questioned the truthfulness of the former testimony, West stated that he could not testify that the payments he'had made were in accordance with the invoices.
In a comment upon the testimony, the court stated:
“ * * * The Court has carefully. read Mr. West’s testimony and finds, *44 it inaccurate, evasive and at one point said testimony bordered on perjury. The Court is not impressed by the testimony of Mr. West as to the contract he contends he had with the defendant. * * * The Court is impressed with the testimony of Mr. Burkhalter relative to the price for which the equipment could have been purchased and particularly his rebuttal evidence after Mr. West had testified to some invoices being- paid by him when he actually admitted later that he paid some $10,000.00 less than the amount represented by the invoices.”
From our own review of the record, the judgment is, in our opinion, eminently correct.
Accordingly, the judgment appealed should be, and it is hereby, affirmed at plaintiff-appellant’s cost.
Affirmed.