## HARRIS v. EAGLE FIRE CO. of NEW YORK.
No. 64-L-180-C.
Circuit Court, Palm Beach County, Civil Appeal.
October 16, 1964.

James C. Blanton, West Palm Beach, for appellant.

Jones, Adams, Paine & Foster, West Palm Beach, for appellee.

JAMES R. KNOTT, Circuit Judge.

This is an appeal from an order of the small claims court in Palm Beach County denying to the insured plaintiff, appellant here, his motion for attorney's fees under §627.0127, F.S., based upon a final judgment for automobile property damage by collision in the principal sum of $479.93 entered in favor of the

appellant against the insurer defendant, appellee here, which in turn filed a cross-appeal from said final judgment.

The trial court, in granting a judgment for appellant, denied an attorney's fee for his counsel on the ground that appellant had arbitrarily refused to accept a settlement offered by his insurance company, the appellee, which would have rendered the suit unnecessary. The trial court found that the actual damage payable to appellant was $479.93. The only settlement offered appellant was $402.55. It thus appears that the difference between the two figures was wrongfully withheld from appellant by appellee and that appellant was justified in suing for the larger amount. Having recovered a final judgment for the larger amount, appellant became entitled to his attorney's fee under §627.0127, F.S., which provides as follows—

"Upon the rendition of a judgment or decree by any of the courts of this state against an insurer in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial judge shall adjudge or decree against the insurer and in favor of the insured or beneficiary, a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had. . . Where so awarded compensation or fees of the attorney shall be included in the judgment or decree rendered in the case."

Appellee contends on appeal that judgment should not have been entered for the appellant but in favor of appellee, on the ground that appellant had made certain changes in the proof of loss form submitted by appellee and thereby violated the terms of the policy, the insuring agreement, which provided that the insured "shall . . . file with the company . . . his sworn proof of loss in such form and including such information as the company may reasonably require . . ."

In addition to changing the amount in the proof of loss form from $402.55 to $479.93 and a minor change not considered significant, appellant crossed out certain words of the form authorizing appellee to bring its subrogation suit against a third party *in the name of appellant* and inserted the words — "Insured will bring suit if necessary."

This action of appellant was not a violation of the above provision of the insuring agreement because the form of the proof of loss submitted by appellee cannot fairly be considered "reasonable." In addition to naming an amount less than appellant was entitled to receive, the proof of loss contained a provision authorizing appellee to bring a subrogation suit against the third party tort-feasor in the name of appellant. The insuring agree-

ment did not give appellee the right to sue in appellant's name, and to do so, where personal injuries are involved, as they were here, could prejudice appellant's rights in suing the third party tort-feasor for personal injuries, in view of the holding in Mims v. Reid, Fla., 98 So.2d 498. It was there held that two suits, one for personal injuries and one for property damage, could not be brought in the name of the same plaintiff against the same defendant arising out of the same cause of action. The later case of Rosenthal v. Scott, Fla., 118 So.2d 555, 131 So.2d 480, 132 So.2d 347, 150 So.2d 43, recognized the right of an insurance company to bring a separate subrogation suit in its own name, but did not consider the question of the company's right to sue in the name of the insured while the latter possessed the right to sue for personal injuries.

The policy itself and the proof of loss form signed by the insured in the present case assigned subrogation rights to the insurer. The insured's addition of the words "insured will bring suit if necessary" in the proof of loss could not operate to deprive the insurer of its lawful rights.

The judgment of the trial court awarding appellant the sum of $479.93 is affirmed and the order of the trial court denying attorney's fee to appellant is reversed. The cause is remanded with directions that an appropriate judgment be entered awarding the plaintiff in the trial court a reasonable attorney's fee in accordance with the mandate of the statute.