177 La. 142

### TEDESCO et al. v. COLUMBIA INS. CO. OF NEW JERSEY.

### No. 31925.

Supreme Court of Louisiana.

March 27, 1933.

Rehearing Denied May 1, 1933.

Theo Cotonio, Jr., and Theo Cotonio, Sr., both of New Orleans, for appellants.

St. Clair Adams, of New Orleans, for appellee.

BRUNOT, Justice.

This is a suit on a fire insurance policy for the recovery of defendant's part of the risk. The sum sued for is $4,500, with interest thereon, and, under the provisions of Act No. 168 of 1908, for penalties and attorney's fees.

The defendant, in its supplemental answer to the suit, admits that plaintiff is entitled to recover from it, under the policy, the sum of $3,855, and it deposited that sum in the registry of the court.

The suit was tried, and judgment was rendered in favor of the plaintiff for the sum admitted to be due, but the demands of the plaintiff for statutory penalties and attorney's fees were dismissed, and the plaintiff appealed.

Plaintiff owned a moving picture theater on which $15,000 fire insurance was written. The risk was distributed among four insurance companies, one of which was the defendant company. The policy is what is known as a theater form policy. It covers movable and immovable property, and the risk was apportioned as follows: $10,000 on the building; $1,700 on the chairs; $800 on the piano; and $2,500 on the moving picture machines and their attachments.

The theater was destroyed by fire. The local agents of the defendant were advised thereof, and the defendant's adjusters informed the plaintiff that they were authorized to adjust the loss, and forwarded to him blank forms for proof of loss. For reasons

which appear to be captious, the plaintiff ignored the adjusters, questioned their authority to act in the premises, and vainly attempted to effect an adjustment of the loss with the defendant's local agents. This attitude of the plaintiff prolonged the adjustment and settlement of the claim, and his disagreement with defendant's adjusters as to the amount of the loss under the policy covering the piano and moving picture machines continued beyond the time fixed in section 3 of Act No. 168 of 1908, within which time the adjustment of the loss should have been completed and payment thereof made.

Thereupon defendant's adjusters conferred with the plaintiff and his attorney, and on the day following this conference formally demanded an appraisal of the piano and moving picture machines in accordance with the terms of the policy. The plaintiff did not accede to this demand, but filed this suit. The defendant pleaded prematurity, basing the plea upon quoted agreements and conditions of the policy contract. From our view of the case we need not consider this plea. The plaintiff does not allege nor does he offer any proof whatever to show that a demand was made upon the defendant for payment. Section 3 of Act No. 168 of 1908 is in part as follows:

"And should the company fail to pay, within said time the amount due the insured under the policy *after demand made therefor*, such company shall be liable to pay the holder or holders of such policy in addition to the amount of the loss, 12 per cent damages on the total amount of the loss as may be determined by a court of competent jurisdiction together with all reasonable attorney's fees for the prosecution and collection of such loss;" etc. (Italics by the writer.)

In a well-considered opinion, the learned trial judge of the civil district court has correctly disposed of the issues in this case, and we therefore quote his opinion with approval:

"The matter was submitted to the court after the introduction of the contract of insurance relied upon by the plaintiff without further evidence. The theory of the plaintiff is that, inasmuch as the defendant admitted certain amounts to be due on various items set forth in the policy of insurance, this constituted a special defense, and that the burden of proof was on the defendant to show that the liability was limited to the amount stated, and not upon plaintiff to support the full measure of his claim.

"Assuming, arguendo, that the policy was not a valued policy as fixed by Act No. 135 of 1900, I am unable to find any authority whatever to support plaintiff's contention as to the burden of proof, whereas there is ample authority to the effect that the burden of proof is on the plaintiff to support his claim in its entirety, and he is only relieved therefrom to the extent that the defendant admits the validity of the claim; and, inasmuch as the defendant in this case admitted the validity of the claim only to a certain amount, necessarily this admission must be restricted to that amount, leaving the burden upon plaintiff to support his loss beyond this amount.

"Additionally, the proof of loss was peculiarly within the ability of the plaintiff to supply, and was not available to the defendant, and the plaintiff therefore comes under the additional rule as to the burden of proof that, where the means of proof are within his power and not within the power of the opposing party, this burden must be met by him. In support of the conclusion reached by the court, there are a number of decisions quoted in defendant's brief, to which I refer without the necessity of requoting them herein.

"The plaintiff further contends that the policies were valued policies under the provisions of Act No. 135 of 1900, and that upon proof of loss the values fixed in the policies become absolutely due in their entirety, and that no further proof is necessary. This argument would be perfectly sound if, as a matter of fact, the policies were valued policies, but, inasmuch as the items in dispute were items covering movable property, which were not in any sense immovable by nature, and which by their character were incapable of being made immovable by nature, they did not and could not come within the provisions of Act No. 135 of 1900, as that statute only covers property which is immovable by nature.

"The plaintiff further contends that he was entitled to attorney's fees and special penalties, together with interest, because of the failure of the defendant to comply with the provisions of Act No. 168 of 1908 in fixing the amount of loss and tendering same to the plaintiff. It is true that the losses were not fixed and tendered within the terms fixed by the said statute, but it is also true that there was never any demand made upon defendant to comply with the provisions of the act and to pay the amount due under the policies; and, as demand is made a prerequisite to the right to recover the penalties, the failure to make demand precludes their recovery. The statute in so far as the penalties are concerned is, of course, penal in its nature, and must be strictly enforced, and, in order to come within its provisions, the plaintiff must have complied stricti juris with every prerequisite necessary to recover. This he has failed to do."

For the reasons assigned, the judgment appealed from is affirmed at appellants' cost.