## RICKERFOR v. WESTCHESTER FIRE INS. CO. OF NEW YORK.*

### No. 17045.

Court of Appeal of Louisiana. Orleans.

Feb. 6, 1939.

*Decree reinstated on rehearing — So. —.

St. Clair Adams & Son, of New Orleans, for appellant.

Daly & Hamlin, of New Orleans, for appellee.

McCALEB, Judge.

This is a suit for the recovery of the face amount of a fire insurance policy issued by the defendant company. Liability is resisted on the ground that plaintiff has been guilty of a breach of a material warranty contained in the contract.

In the court below, the case was tried before a jury and resulted in a verdict in plaintiff's favor for the amount sued for together with penalties and attorney fees. A judgment was entered in accordance with the verdict and defendant, alleging grievance, has prosecuted this appeal.

The facts of the case are not in dispute and we find them to be as follows:

The plaintiff, Alfred G. Rickerfor, is a professional gambler. On November 13, 1934, he and his partner, Henry Borges, entered into a written contract with A. P. Perrin and Geo. R. Fisk, whereby they leased from the latter certain unimproved real estate situated in the Parish of St. Bernard, Louisiana, for a term of two years in consideration of a yearly rental of $400. This lease, among other things, granted to Rickerfor and Borges the right to erect buildings and improvements on the premises but it was stipulated that any improvements so erected would revert to the lessors in case the lessees did not exercise the privilege, which was accorded them by the contract, of purchasing the land for $3500 within 60 days prior to its expiration.

Shortly after the execution of the lease, a building costing approximately $10,000, adaptable for use in the gambling business, was erected by Rickerfor on the demised premises. He advanced the necessary funds to pay for the construction costs

of the building and Borges had no interest whatsoever in the property. On February 25, 1935, the defendant company, with full knowledge of the fact that the building was to be used for gambling purposes, issued the policy in suit to Rickerfor whereby it insured the structure against fire. Additional insurance in the sum of $5,000 was taken out in other companies (with the permission of the defendant) so that the total coverage was $6,000.

On August 22, 1935, while the insurance was in full force and effect, the building was totally demolished ·by fire which originated from an unknown source. Plaintiff, in due course, made claim upon the defendant for payment of the face amount of the policy. This suit followed defendant's refusal to accede to his demand.

The insurance company's sole defense to the action is that the insured has breached a condition of the policy which reads as follows:

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void * * * if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple; * * *"

Defendant asserts that, since Rickerfor admittedly did not own the land upon which the building was situated, his breach of the above quoted condition was such as to render the policy void ab initio and that, in any event, it was such a breach as would substantially increase the moral hazard of the risk.

Act No. 222 of 1928 is applicable to the case. That statute provides:

"That no policy of fire insurance issued by any insurance company * * * shall hereafter be declared void by the insurer for the breach of any representation, warranty or condition contained in the said policy * * * unless such breach shall exist at the time of the loss and *shall be either such a breach as would increase either the moral or physical hazard under the policy* * * *." (Italics ours.)

Defendant's counsel frankly admit that, in view of Act No. 222 of 1928, the breach of a material warranty in an insurance policy by the insured does not of itself void the contract but they maintain that, under the facts here presented, the breach was such as to increase the moral hazard of the risk. In support of the contention, they direct our attention to the reversion clause contained in the lease contract and argue that the fact that the building would become the property of the lessors at the expiration of the lease, in the event the lessees did not exercise the option of purchasing the land for $3,500, plainly discloses that the moral risk of the insurance was far greater than it would have been if the insured had owned the land in fee simple. In amplification of the point, the defendant produced the evidence of several insurance underwriters who testified that, under the conditions here presented, there was a definite increase in the moral hazard.

We find ourselves unable to sustain the contention. Similar propositions were squarely presented to the Supreme Court in Knowles v. Dixie Fire Ins. Co., 177 La. 941, 942, 149 So. 528, and Brough v. Presidential Fire & Marine Ins. Co., 189 La. 880, 181 So. 432. In the Brough Case, it was definitely determined that the breach by the insured of the standard warranty, concerning unconditional ownership of the land on which the insured dwelling was situated, *does not of itself* void the policy" [page 434]. There, the court, in interpreting the provisions of Act 222 of 1928, held that it was not enough for the insurer to show that the breach was such as would ordinarily increase the moral hazard of the risk but, in order for it to be exonerated from liability, it must allege and establish that, as a matter of fact, the misrepresentation did increase the moral hazard. Our appreciation of the court's opinion in the Brough Case is that the Act of 1928 affords an escape to the insurer only in cases where the surrounding circumstances existing at the time of the loss were such as to warrant the conclusion that the insured would be in a better position, in the event his property was destroyed by fire, than he would have been if the fire occurred at the inception of the contract and that the insured's more favorable position at the time of the loss is directly attributable to his false representation. By this, we do not mean that the insured must necessarily gain as a result of the loss but that the false representation, when considered in connection with the circumstances existing at the time of the loss, was such as to sustain a holding that the insured would suffer less by a destruction of the property than would ordinarily be the case in the absence of his breach.

The fact that the insurer in this case has submitted evidence of experts, who testified that the breach of the warranty did of itself increase the moral hazard of the risk, cannot be considered in determining the issue since the view of these underwriters is in direct contrast to the opinion expressed by the Supreme Court in the Brough Case. Moreover, it is our view that opinions of insurance men in cases like this are immaterial as the questions propounded to them are those which the court itself must ultimately decide after a consideration of a certain state of facts. We conclude that, in view of the Brough Case, the facts established by the defendant on the trial of this matter are insufficient to exhibit that the moral hazard of the risk was increased.

The defendant also maintains that the district judge committed error in that he refused to permit it to show certain facts tending to prove that the moral hazard was actually increased in this case. It appears that, at the trial below, counsel sought to establish, by questions propounded to the plaintiff, while under cross-examination, the following contention—that, sometime prior to the fire, the Sheriff of the Parish of St. Bernard, under whose protection the plaintiff admittedly conducted his gambling operations, ordered the plaintiff to close down his establishment and to desist from operating the same in the future. When these questions were put to the witness, counsel for plaintiff objected on the ground that the evidence sought to be elicited was irrelevant and immaterial. This objection was sustained by our brother below.

Counsel for defendant argue that the evidence was clearly admissible for the purpose of proving that, due to a subsequent change in conditions with respect to plaintiff's ability to operate his business, the insurance hazard was in fact augmented in that, since the building would become the property of the lessors at the expiration of the lease (unless the plaintiff purchased the land), he would be better off in case of a total loss by fire.

We would find considerable force in the contention made by the defendant were it not for the fact that it has failed to allege in its answer the matters and things it sought to elicit from the plaintiff under cross-examination. The Supreme Court has stated in the Knowles and Brough Cases that, where an insurance company seeks to avoid liability because of the breach of a material warranty contained in the policy, the defense must be pleaded specially and that the insurer has the burden of proving by a preponderance of evidence that the breach did increase the moral hazard of the risk. Inasmuch as that court has also said that the mere breach is of itself insufficient to establish the increase of hazard, it is necessary for the insurer to set forth the particular circumstances existing at the time of the loss upon which it relies to show that the hazard was in fact increased. Here, the insurer alleges that the reversion clause of the lease was the particular factor which resulted in the increase of the hazard. Nowhere in its pleading is found an allegation to the effect that, because of subsequent circumstances, i. e. the discontinuance of plaintiff's business by the sheriff of St. Bernard Parish, the hazard of the risk was augmented in view of the fact that plaintiff did not own the land on which the building was situated. For this reason, the evidence tendered by the defendant in an attempt to prove that contention was properly excluded on plaintiff's objection. We have but recently (January 23, 1939) decided, in the case of Alice Lee Grosjean, Collector of Revenue, v. Valloft & Dreux, Inc., 185 So. 711, that a defendant relying upon a special defense must set forth in detail the facts upon which its plea is predicated in order that the plaintiff will be apprised of the nature of the proof to be submitted and, upon his failure so to do, the objection to any evidence in support of the defense will be sustained. See, also, Sellwood v. Phillips, 185 La. 1045, 171 So. 440.

Finally, counsel for defendant complain that the judgment appealed from is incorrect in that it casts the defendant to pay "the full sum of $1,000 with 12% damages from October 30, 1935, with legal interest from date of judicial demand until paid, * * *". The point is well taken. The case is covered by Act No. 168 of 1908. The 12% damages provided for in that statute is not interest but is a penalty which is assessed against the insurance company for its failure to pay the loss within sixty days from the filing of the proof. The judgment must therefore be amended to correct this error.

For the reasons assigned, it is ordered that the judgment appealed from be and it is amended so as to read as follows:

113

It is ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Alfred G. Rickerfor, and against the defendant, Westchester Fire Insurance Company of New York, in the full sum of $1,000 with legal interest thereon from October 30, 1935, until paid.

It is further ordered that there be judgment herein in favor of plaintiff and against the defendant for a 12% penalty on the principal amount of the judgment herein allowed and that plaintiff also recover attorney fees in the sum of $150.

As thus amended, the judgment appealed from is affirmed. All costs to be paid by the defendant.

Amended and affirmed.