134 So.2d 884 (1961)
242 La. 84
Henry STEADMAN, Jr.
v.
PEARL ASSURANCE COMPANY, Limited.
No. 45601.
Supreme Court of Louisiana.
November 6, 1961.
Rehearing Denied December 11, 1961.
Roccaforte & Rousselle, Leo W. Rousselle, Frank W. Roccaforte, New Orleans, for plaintiff-appellant.
Lemle & Kelleher, Allen R. Fontenot, New Orleans, for defendant-respondent.
HAMLIN, Justice.
We granted Certiorari in this matter to review a judgment of the Court of Appeal, Fourth Circuit (127 So.2d 366), which affirmed a judgment of the trial court maintaining an exception of no right or cause of action filed by the defendant, Pearl Assurance Company, Limited. Article VII, *885 Section 11, Louisiana Constitution of 1921, LSA.
On June 24, 1959, defendant issued to plaintiff, Henry Steadman, Jr., a three year theft insurance policy covering "One man's 14K yellow gold ring set with a diamond weighing approx. 2.85 carats, silver cape in color, American cut and containing a very slight feather near the girdle." The policy recited that the ring had a value of $2,950 and stated (Condition 5):
"All adjusted claims shall be paid or made good the Assured within sixty (60) days after presentation and acceptance of satisfactory proof of interest and loss at the office of this Company. No loss shall be paid hereunder if the Assured has collected the same from others."
On September 6, 1959, while the above mentioned policy was in full force and effect, plaintiff's ring was stolen from his automobile, and a short time thereafter the loss was reported to defendant's representative. On October 1, 1959, plaintiff mailed a written proof of loss to Miazza Adjustment Company, defendant's agent. Plaintiff was not paid his loss, and he filed the present action on December 2, 1959, alleging in part:
"11. That on October 1, 1959 petitioner furnished said Miazza Adjustment Company, defendant's agent, with a satisfactory proof of loss; that since that time petitioner has not been contacted by defendant or by anyone representing the defendant with regard to his claim and loss nor has he received any amounts in settlement of his said claim.
"12. That to date petitioner has not been paid, compensated or satisfied for his said loss and the defendant, Pearl Assurance Company Limited's failure to pay, compensate or satisfy said loss was arbitrary, capricious, and without probable cause; that as a result of defendant's arbitrary failure and refusal to pay and compensate petitioner, he has been forced to employ an attorney to protect his rights, prosecute, and collect the amounts due him; that the defendant herein, Pearl Assurance Company Limited, should be assessed 25% penalties and damages, and attorneys fees in the amount of $1200.00, all in accordance with LSA R.S. 22:658 and other laws of the State of Louisiana.
"13. That petitioner avers amicable demand without avail."
In answer to plaintiff's petition, filed on January 7, 1960, defendant denied that it had acted arbitrarily, capriciously or without probable cause, or that plaintiff had made amicable demand. It averred:
"* * * upon the loss in question being reported to it by plaintiff, defendant undertook at once to process the said claim and to fulfill its obligations under the policy in question; that defendant acknowledged its said obligations under the said policy to the plaintiff herein shortly after the plaintiff reported the loss; that, shortly after the said loss was reported to it, defendant contacted plaintiff in an effort to replace the lost property of plaintiff; that defendant invited the plaintiff to examine the stock of reputable jewelers in the City of New Orleans for the purpose of selecting a replacement to be purchased and paid for by defendant so as to discharge its obligations under the said policy; that, when such efforts on the part of defendant to replace the said property failed in that plaintiff did not find a ring or a stone acceptable to him in replacement of his lost property, defendant authorized the payment to plaintiff of the full sum of Two Thousand Nine Hundred Fifty and No/100 ($2,950.00) Dollars, which was the full face value of the policy; that, on December 2, 1959, the plaintiff was advised that a draft was being issued to *886 him in such sum in full discharge of the defendant's obligations under its policy; that plaintiff, at that time, replied that suit had been filed by him earlier on that same date and declined to accept the said full face value of the policy; * * *".
On February 3, 1960, defendant filed a motion to deposit the draft in the Registry of the Civil District Court for the Parish of Orleans; an order was duly signed, and the draft was deposited on said date.
On March 7, 1960, defendant filed an exception of no right or cause of action, averring that plaintiff's petition did not allege that subsequent to the expiration of the alleged lapse of sixty days following receipt of proof of loss by defendant, and prior to the filing of the instant suit, plaintiff made demand for payment as required by law. Defendant prayed for dismissal of plaintiff's suit, contending that the demand, supra, was an indispensable predicate for the proper filing of a suit such as the instant one.
The trial court rendered judgment in favor of the plaintiff in the amount of $2,950 with interest and costs; it maintained the exception of no right or cause of action, thereby dismissing plaintiff's demand for penalties and attorney's fees.
Plaintiff appealed from that part of the judgment dismissing his demand for penalties and attorney's fees. Defendant answered the appeal, praying that the portion of the judgment awarding interest and costs to plaintiff be set aside.
Relying on the case of Sbisa v. American Equitable Assurance Co. of New York, 202 La. 196, 11 So.2d 527, 145 A.L.R. 332, the Court of Appeal affirmed the judgment of the trial court. It held that it is no longer an open question that LSA-R.S. 22:658 contemplates a demand being made after expiration of the sixty-day period where the insurer is merely guilty of a passive denial of liability of a claim presented to it.
In this Court, plaintiff relator assigns the following errors by the Court of Appeal in its opinion and decree:
"1. The Fourth Circuit Court of Appeal erred in holding that under the provisions of L.S.A.-R.S. 22:658 that there must be an allegation of demand subsequent to 60 days from submission of proof of loss.
"2. The Fourth Circuit Court of Appeal erred in affirming the District Court's failure to assess the mandatory penalties and attorney's fees after rendering judgment against defendant on the main demand.
"3. The Fourth Circuit Court of Appeal erred in holding that an allegation of demand was necessary, since same may be waived."
Defendant contends that plaintiff has not brought himself within the penalty statute and cannot do so because he admits that he failed to make the demand as required by the statute. It summarizes as follows:
"1. No debt is demandable until the suspensive conditions upon which its maturity depends are fulfilled. The obligation to pay plaintiff's claim did not mature until sixty days after the proof of loss had been received, hence the demand under the statute could not be made until such sixty days had elapsed. Plaintiff admits his failure to do so.
"2. The first sentence of R.S. 22:658 permits an insured to sue for the amount due under the policy without making a demand; hence, when the second sentence requires a demand in addition to the proof of loss as a prerequisite to the additional remedy of penalties and attorneys fees, it necessarily assumes that the sixty days have elapsed and that payment has not been made. The demand must follow such passage of time. Plaintiff admits he made no such demand.
"3. The purpose of the required demand is to place the insurer in mora.

*887 No one can be placed in mora before the obligation is due and exigiblein this case, sixty days after proof of loss was received.
"4. Since the filing of a proof of loss (or, for that matter, the mere reporting of a claim) constitutes an informal demand for payment, the additional demand required by the statute must be made after the passage of sixty days from the filing of the proof of loss and before suit if it is to make any sense whatsoever.
"5. Statutes must be construed so as to give meaning to the words therein; the word `demand' can only have meaning in this statute if it is construed to mean demand after sixty days have elapsed from filing of proofs of loss with passive failure to pay the claim and prior to filing of suit.
"6. Penalties are not favored in the law and those who claim them must come stricti juris within the statute; plaintiff's contention can be upheld only by construing the statute liberally in favor of the penalty."
LSA-R.S. 22:658 provides:
"All insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 [above] shall pay the amount of any claim due any insured * * * within sixty days after receipt of satisfactory proofs of loss from the insured, * * * or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12% damages on the total amount of the loss, payable to the insured, * * * together with all reasonable attorney's fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, 12% of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney's fees for the prosecution and collection of such amount. Provided, that all losses on policies covering automobiles, trucks, motor propelled vehicles and other property against fire and theft, the amount of the penalty in each of the above cases shall be 25% and all reasonable attorney's fees."
In the Sbisa case, supra, this Court held that denial by the Company was tantamount to a concession by it that the filing of the proof of loss constituted an adequate demand, since one did not deny prior to the receipt of a claim. In speaking of LSA-R. S. 22:658, however, it stated:
"While the statute plainly contemplates a demand, other than the mere filing of a proof of loss and the filing of a suit in order for the penalties to attach, the requirement applies only in cases where the proof of loss has been filed and the company has passively denied liability by failing to make payment within sixty days from the date upon which it received the proofs or where it has failed to adjust the loss and tender to the assured the amount which is due under the policy.
* * * * * *
"We quite agree with counsel that a demand of some sort is essential, in case the insurance company fails to pay within sixty days after the submission of the proofs of loss, and that the filing of the suit is not the type of demand contemplated by the statute. * * *" [202 La. 196, 11 So.2d 534]
A review of the jurisprudence interpreting LSA-R.S. 22:658 discloses that an insured must make a demand to his insurer unless such demand is waivedfor loss suffered by him before he is entitled to penalties and attorney's fees for non-payment of such loss. Tedesco v. Columbia *888 Ins. Co. of New Jersey, 177 La. 142, 148 So. 8; Ouachita Parish Police Jury v. Northern Ins. Co. of New York, La.App., 176 So. 639.
LSA-R.S. 22:658 provides that payment to an insured of a claim for loss suffered by him shall be paid within sixty days after receipt of satisfactory proofs of loss from the insured or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor when such failure is arbitrary, capricious, or without probable cause subjects the insurer to penalties and attorney's fees. The statute is mandatory and must be given effect in every case where the insurance company resists payment of the whole or any part of a loss covered by its policy, provided the insured judicially recovers more than the insurer admits to be due and timely tenders or pays to him. Hardy v. Commercial Standard Ins. Co., 172 La. 500, 134 So. 407; Reed v. Fidelity & Guaranty Fire Corporation of Baltimore, Md., 17 La.App. 567, 136 So. 757; Isaac Bell, Inc. v. Security Ins. Co. of New Haven, Conn., 175 La. 599, 143 So. 705; Brooks v. Liverpool & London & Globe Ins. Co., La.App., 144 So. 788; Perot v. Carolina Ins. Co. of Wilmington, N. C., La.App., 171 So. 458; Rickerfor v. Westchester Fire Ins. Co., La.App., 186 So. 109; Ware v. American Druggists' Fire Ins. Co., La.App., 38 So.2d 531; Wright v. National Surety Corp., 221 La. 486, 59 So.2d 695; Daigle v. Great American Indemnity Co., La.App., 70 So.2d 697; Darvie v. American Bankers Insurance Company of Florida, La.App., 80 So.2d 541; Broussard v. Dumas Chevrolet Co. and Royal Indemnity Company, La. App., 120 So.2d 863.
In Hammett v. Fire Ass'n of Philadelphia, 181 La. 694, 160 So. 302, 304, we stated:
"It clearly appears from the above quoted section 3 of the statute in question that the defendant was required to pay the amount due within 60 days from the date it received the proofs of loss submitted by the insured on the blanks furnished by the insurance company. If the defendant believed that the assured's claim was excessive, it had the right, after determining what it considered was the proper amount of the loss or damage, to tender that sum and litigate over the balance, or to ask for an arbitration of the question. In the event it elected to ask for an award through appraisers, the arbitration must be concluded within 60 days, because the arbitration proceedings cannot exceed the unqualified period of 60 days within which the company is required, under penalty, to satisfy itself as to the amount of the loss and pay the assured. * * *"
Plaintiff alleged amicable demand without avail in his petition, but did not file any evidence of demand therewith. Defendant denied this allegation in its answer.
In its brief Pearl Assurance Company, Limited, concedes that the filing of a proof of loss in itself constitutes an implied demand. In argument counsel for said company conceded that there was a demand with the filing of the proof of loss. In his brief plaintiff alleges that he filed a proof of loss along with written demand on October 1, 1959.
Under the foregoing circumstances, we are constrained to ask the following questions: What was the date of the demand? Who wrote the document making demand, plaintiff or his attorney? What was the wording and tenor of the document? Was it a demand, or was it a letter or document of transmittal enclosing the proof of loss? Was the purported demand so worded as to preclude any necessity of following it up with another demand after sixty days had elapsed? What was the wording and tenor of the proof of loss?
It is conceded by both the plaintiff and the defendant that proof of loss was submitted by the plaintiff to defendant's *889 agent on October 1, 1959, but neither party filed this document with their pleadings. By furnishing satisfactory proofs of loss, the insured exercises his power to make absolute the insurer's duty to pay, which before was only conditional. Vance on Insurance, 2nd Edition, p. 67. The proof of loss being the foundation of the procedure to enforce collection, a copy thereof should be in the record as part of the pleadings.
The statute under consideration is penal in nature, and, therefore, is subject to strict construction. Nichols v. Iowa Mutual Insurance Company, 232 La. 856, 95 So.2d 338; Tedesco v. Columbia Ins. Co. of New Jersey, 177 La. 142, 148 So. 8. This strict construction applies to both the plaintiff and the defendant.
The present condition of the record does not enable us to properly pass upon the serious question submitted. We should have before us both the proof of loss and the demand made by plaintiff.
In 1936, in the case of Reeves v. Globe Indemnity Co. of New York, 185 La. 42, 168 So. 488, 490, this Court held:
"The decisions of this court on this question are in conflict. The early cases held that the amendment could be made. Later, from 1880 to 1922, the decisions were just the contrary, but from the year of 1922 to the year 1934, we uniformly held that where a petition failed to state a cause of action, due to insufficient allegations, an amendment would be allowed. In some of the cases the courts permitted the amendment even after the exception of no right or cause of action had been sustained. * * *
"This conclusion is not only in accord with the weight of authority, but consonant with considerations of equity and the modern trend of liberality in upholding substantive rights instead of subtle technicalities. * * *" See, Doyle v. Thompson, La.App., 50 So.2d 505; Lusco v. McNeese, La.App., 86 So.2d 226; Dupre v. Consolidated Underwriters, La.App., 99 So.2d 522; West v. Carbone, La.App., 126 So.2d 416; Cloud v. Cloud, La.App., 127 So. 2d 560.[1]
Therefore, because of the exceptional circumstances in the instant case, we conclude that plaintiff must be ordered to amend his petition within a delay to be fixed by the trial court, and file with the amended petition a copy of the proof of loss and the document or letter of demand.
For the reasons assigned, the judgment of the Court of Appeal, Fourth Circuit, is affirmed, insofar as it maintains the exception of no right or cause of action; in all other respects, the judgment is reversed and set aside, and the case is remanded to the lower court for plaintiff to file amended pleadings, consistent with the views herein *890 expressed. All costs to await the final outcome of this cause.
HAMITER, J., concurs in part and dissents in part.
McCALEB, J., concurs in the result but is of the opinion that the exception should be overruled.
HAMITER, Justice (concurring in part and dissenting in part).
While I agree that this cause should be remanded to the district court for further proceedings, I entertain the view that the exceptions of no right and no cause of action should be overruled. The petition clearly discloses a failure to pay within sixty days after defendant was furnished a satisfactory proof of loss which itself, as defense counsel concede, constituted a demand. Therefore, it is my opinion that, according to plaintiff's pleadings, the requirements for recovering the statutory penalty and attorney's fees have been satisfied.
NOTES
[1] The reasoning of the above authorities was incorporated in Article 934 of the Louisiana Code of Civil Procedure, LSA, which recites: "When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed."

The comment under the above article states: "Though it is contemplated that in most instances the maintaining of the peremptory exception will necessarily result in a judgment dismissing the action, this article authorizes the trial judge to permit amendment of the petition whenever possible and whenever dismissal of the suit would not be in the interests of justice. This rule is simply declaratory of the liberality of amendment characterizing the recent decisions of our appellate courts. See Reeves v. Globe Indemnity Co. of New York, 185 La. 42, 168 So. 488 (1936); * * * Doyle v. Thompson, 50 So.2d 505 (La.App.1951)."