277 So.2d 472 (1973)
Billy H. HOLMES, d/b/a Kenner Starter & Generator Co.
v.
MOTORS INSURANCE CORPORATION.
No. 5357.
Court of Appeal of Louisiana, Fourth Circuit.
May 1, 1973.
*473 Kenneth C. Hughes, Metairie, for Billy H. Holmes, d/b/a Kenner Starter and Generator Co., plaintiff-appellant.
Donald P. Schwarz, Metairie, for Motors Ins. Corp., defendant-appellee.
Before REGAN, SAMUEL and BOUTALL, JJ.
BOUTALL, Judge.
This is an appeal by plaintiff, Billy H. Holmes, d/b/a Kenner Starter & Generator Co., from a judgment granting him a partial recovery from defendant, Motors Insurance Company, on two claims under a collision insurance policy insuring his truck. The first claim arose due to an accident taking place on February 14, 1969, and the second claim arose due to an accident occurring on September 23, 1970. Plaintiff prayed for $114.30 plus penalties and attorney's fees on the first claim and $885.63, plus penalties and attorney's fees on the second claim. The trial court granted $114.30 on the first claim, but only $675.24 on the second claim, and refused to grant penalties and attorney's fees. From this judgment plaintiff appeals alleging that the trial court erred in the amount of damages awarded for the second claim and in refusing penalties and attorney's fees on both claims.
On the second claim there is a dispute over the amount of damages involved. Plaintiff brought the damaged truck to Craft Motor Company. Defendant's adjuster appraised the damages at $725.24 minus the deductible of $50.00, leaving the balance of $675.24. Mr. Craft of Craft Motor Co. refused this estimate and brought in Mr. Louis Cerise, an independent appraiser, who appraised the damages at $940.63 minus the deductible of $50.00 leaving the balance due at $890.63. The charge for repairs was on the basis of the Cerise estimate.
The difference between the estimate consists of three items: labor charge of $7.00 per hour as opposed to $8.00; allowance of discount on parts; and replacement of windshield alleged to be previously cracked. He resolved these items in defendant's favor. The trial judge found, and the evidence shows, that the usual and customary fee for labor was $7.00 per hour and the discount was the usual trade practice. Additionally the evidence shows the windshield was cracked prior to the first collision.
We agree with the trial judge. Plaintiff refers us to the decision in Plotkin v. Martino, 192 So.2d 381 (La.App. 4th Cir., 1966), which states that the insured may have his car repaired by anyone he chooses. It must be remembered, however, *474 that the Plotkin decision also states that the repairs must be made at a proper cost. See also Alpaugh v. Krajcer, 57 So.2d 700 (La.App. Orleans 1952). Therefore, the defendant should not be compelled to pay an amount which the evidence shows is excessive and hence improper.
We now turn to the issue concerning the trial court's refusal to grant penalties and attorney's fees. Plaintiff contends that since no tender of payment was made by defendant within the required sixty day period after plaintiff submitted his proof of loss, defendant acted arbitrarily and capriciously and is liable for penalties and attorney's fees as provided by LSA-R.S. 22:658. The policy in this case provides for a 30 day period.
Our jurisprudence has consistently stated that the statute imposing penalties and attorney's fees for insurer's arbitrary failure to pay the loss within sixty days after receipt of satisfactory proofs of loss and demand for payment is penal in nature and is subject to strict construction, applying both to the insured and the insurer. See Headrick v. Pennsylvania Millers Mutual Ins. Co., 257 La. 1101, 245 So.2d 324 (1971); Steadman v. Pearl Assurance Company, 242 La. 84, 134 So.2d 884 (1961).
As far as the first claim is concerned, there was no dispute as both parties agreed as to the amount owed. Defendant did not tender payment to plaintiff until February 2, 1971, after suit had been filed. Plaintiff had filed his proof of loss on October 9, 1970.[1] Clearly there was no dispute as to the amount owed on the first claim and defendant can be considered as arbitrary and capricious and therefore liable for the appropriate penalty and attorney's fee. Guillory v. New York Fire and Marine Insurance Co., 201 So.2d 366 (La. App. 3rd Cir. 1967).
No tender was made concerning the second claim. The evidence shows that defendant admitted liability for $675.74, and that the dispute was only for an amount above that figure.
Although there did exist a valid dispute over the total amount owed, defendant was still required to tender the amount assessed as damages by its adjuster. If the defendant believed that the claim was excessive, it had the right to tender what it determined to be the proper amount of the damage and litigate over the balance. Steadman v. Pearl Assurance Company, supra; Hammett v. Fire Ass'n of Philadelphia, 181 La. 694, 160 So. 302 (1935). The defendant's failure to tender what it believed to be the proper amount subjects it to the statutory penalties. Benoit v. American Mutual Insurance Co. of Boston, 236 So.2d 674 (La.App. 3rd Cir., 1970) states that where an insurer makes its own estimate of damages and does not tender that amount within the statutory time, such action is arbitrary and capricious and the insured is entitled to recover the penalty and attorney's fee. See also Sensat v. State Farm Fire and Casualty Company, 176 So. 2d 804 (La.App. 3rd Cir. 1965).
We find the refusal to timely tender to be arbitrary and impose the statutory penalty of 12% as well as attorney's fees. Although there is no evidence presented in regard to attorney's fee we consider the amount of the claim and the record itself showing making proof of loss, negotiations, filing and trial of suit and conclude $250.00 to be a reasonable attorney's fee.
For the above reason, the judgment appealed from is amended to include penalties of 12% on the amounts awarded and attorney's fees in the amount of $250.00, and, as amended, it is affirmed. Costs of appeal to be paid by appellee.
Amended and affirmed.
NOTES
[1] The policy provides for a period of thirty days after proof of loss to make payment, and as a condition precedent to filing suit. Suit was filed December 17, 1970.