CUTRER, Judge.
This is an appeal from a judgment dismissing a portion of plaintiff’s claims for *199 workmen’s compensation benefits. An answer to the appeal has been filed by the defendant in connection with the assessment of statutory penalties and attorney’s fees. We reverse with respect to the granting of penalties and attorney’s fees.
Plaintiff, Mrs. Dorothy Ardoin Campbell, brought suit individually and on behalf of her minor child, Iris Ann Campbell, against defendant, Fidelity & Casualty Company of New York, for medical benefits allegedly due under Louisiana’s Workmen’s Compensation Statutes. The claim arose out of an alleged work-related accident suffered by plaintiff’s husband, which resulted in his death. A stipulation of facts between the parties included the following facts: that plaintiff and her husband were married on August 1, 1953; that plaintiff’s husband received bodily injuries during the course and scope of his employment for Evangeline Timber Company on May 5, 1973, which resulted in his death on July 8, 1973; that the total medical expenses incurred as a result of the work-related injuries amounted to $20,035.-38; that $12,500.00 of that amount had been paid by defendant; and that at the termination of the community existing between plaintiff and her husband at the time of his death, the community had a total value of $67,263.98.
The issue before the trial court was whether under LSA-R.S. 23:1203 plaintiff was entitled to recover additional medical benefits from defendant in excess of the $12,500.00 already received. At all times pertinent to this litigation LSA-R.S. 23:1203 provided as follows:
“The employer shall in every case coming under this Chapter, furnish all necessary medical, surgical, hospital services and medicines or any nonmedical treatment recognized by the laws of this state as legal, not to exceed the total sum of twelve thousand five hundred dollars, ($12,500.00), except in cases of undue and unusual hardship as hereinafter provided, unless the employee refuses to allow them to be furnished by the employer.
******
“Upon a showing by the injured employee in a court of competent jurisdiction by a preponderance of the evidence that as a result of the injury he necessarily requires medical, surgical or hospital services or medicine to a sum in excess of twelve thousand five hundred dollars ($12,500.00) and that unless same are furnished by the employer he will be subjected to undue and unusual hardship, the court in its discretion may order the employer to furnish same, not to exceed the additional sum of twelve thousand five hundred dollars ($12,500.00).”
Whether plaintiff is entitled to receive additional medical benefits under the above-quoted statute depends on whether she has proved by a preponderance of the evidence that unless the additional amount in excess of $12,500.00 is furnished by the defendant she will be subject to undue and unusual hardship.
After trial on the merits the trial judge rendered judgment denying plaintiff’s demand for the additional medical benefits on a finding that there was no “undue and unusual hardship” in the present situation. We find no error on the part of the trial judge in his determination on this issue. The stipulation of facts entered into by the parties reveals that $7,535.38 of the total medical expenses incurred was not paid for by the defendant under the provisions of the above statute.. In addition, the stipulation reveals that at the time of the death of the decedent, the community existing between plaintiff and her husband up until its termination by his death was valued at $67,263.98. This total is made up of the following component parts: immovable and movable property situated in Evangeline Parish totalling $50,663.98, less the value of ten shares of stock in the Evangeline Timber Company; immovable property situated in Allen Parish valued at *200 $1,000.00; and the ten shares of stock in the Evangeline Timber Company which yielded cash when sold in the amount of $15,600.00. The testimony of the plaintiff indicated that she had two daughters, one married no longer living with her and the other a minor for whom she was financially responsible. In addition, her testimony indicated that no money was owed on the family home or on the family automobile. Her only financial obligations involved payment of $125.00 for a patio set, and the normal day-to-day expenses incurred in obtaining such things as food, clothing and utility services. We find that the evidence presented amply supports the trial judge’s finding of no undue and unusual hardship. We affirm the trial judge’s determination that plaintiff is not entitled to receive any further medical benefits under LSA-R.S. 23:1203.
The next issue before the trial judge involved plaintiff’s allegation that she was entitled to penalties and attorney’s fees under LSA-R.S. 22:658. This claim was based on the contention that on November 21, 1974, the date of the taking of plaintiff’s deposition, demand was made by plaintiff’s attorney to defendant’s attorney for payment of the funeral expenses under the provisions of LSA-R.S. 23:1210. Plaintiff alleged that payment of the funeral expenses was made on February 6, 1975, and that since more than sixty days had passed since demand had been made. Defendant should be assessed with penalties and attorney’s fees under the provisions of LSA-R.S. 22:658. The trial judge granted this claim and defendant has answered the plaintiff’s appeal requesting a rejection of this claim. We reverse on finding that payment was made within sixty days of demand and proof of loss.
LSA-R.S. 22:658 provides as follows:
“All insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 shall pay the amount of any claim due any insured including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proof of loss from the insured, employee or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefore, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, . . . together with all reasonable attorney’s fees for the prosecution and collection of such loss, . .” (Emphasis ours)
The record reveals that plaintiff’s attorney made a demand for the payment of the funeral expenses incurred by plaintiff on November 21, 1974. A request was made by defendant’s attorney for copies of the bills sent to plaintiff in connection with the funeral expenses in order to establish that plaintiff had in fact paid in excess of the statutory limit of $1,000.00. By letter dated December 20, 1974, a copy of which was placed in evidence, plaintiff’s attorney sent to defendant’s attorney copies of those bills. Less than sixty days later, on February 6, 1975, payment was made to plaintiff by check drawn by defendant for the maximum amount set forth in LSA-R.S. 23:1210, since the funeral expenses exceeded that maximum.
The above-quoted statute requires not only a demand for payment but also satisfactory proof of loss. Steadman v. Pearl Assurance Co., 242 La. 84, 134 So.2d 884 (1961); Gatte v. Coal Operators Casualty Co., 225 So.2d 256 (La.App. 3rd Cir. 1969). In the present case proof of the loss was not provided by plaintiff until the bills were sent to defendant’s attorney on December 20, 1974. Until that proof of loss was received by defendant, it was not known by defendant whether the statutory maximum, or a lesser amount, had to be paid to plaintiff under LSA-R.S. 23:1210. Since payment was made on the claim within the sixty day period provided by LSA-R.S. 22:658, penalties and attorney’s fees are not due in this case.
*201 For the reasons assigned, the judgment of the trial court dismissing plaintiff’s claim in connection with the medical benefits provisions of Title 23 of the Revised Statutes of 1950 is affirmed. That portion of the judgment granting plaintiff’s claim for penalties and attorney’s fees is reversed and that claim is hereby rejected at plaintiff-appellant’s costs.
AFFIRMED IN PART AND REVERSED IN PART.