385 So.2d 497 (1980)
Lawrence J. HENLEY, Jr.
v.
F. G. SULLIVAN, JR., CONTRACTOR, INC., et al.
No. 13263.
Court of Appeal of Louisiana, First Circuit.
May 5, 1980.
*498 Cyrus L. Greco and Arthur A. Vingiello, Baton Rouge, for plaintiff-appellant Lawrence J. Henley, Jr.
Daniel R. Atkinson, Baton Rouge, for defendants-appellants F. G. Sullivan, Jr., Contractor, Inc., and Sentry Ins.
Before ELLIS, PONDER and LEAR, JJ.
LEAR, Judge.
Appellant, Lawrence J. Henley, Jr., seeks review of the trial court's dismissal of his suit.
On July 3, 1978, appellant was injured while in the course and scope of his employment with F. G. Sullivan, Jr., Contractor, Inc. On July 21, 1978, workmen's compensation payments commenced at a rate of $80.04 per week. This amount was not correct and in August, 1978, appellant's attorney wrote Henley's employer and its insurer requesting that the rate of compensation be increased. Suit was filed on October 31, 1978. Thereafter, in November, 1978, the rate of compensation was corrected to $106.67 per week. At that time, a check representing the difference between the $80.04 per week previously paid and the $106.67 then being paid was issued to Henley. Payments continued until March, 1979. Discontinuance of payments was based on the opinion of Henley's physician that Henley was able to return to work without any permanent disability or loss of physical function.
After trial, Henley's suit was dismissed and this appeal ensued. Appellant contends that (1) the trial court was wrong in finding that he was not disabled when compensation was stopped and (2) the trial court erred in denying him penalties and attorney fees based on delay without cause in correcting the amount of his compensation benefits.
The trial court's finding that appellant was no longer disabled when compensation benefits were terminated cannot be disturbed. Appellant and his relatives testified that he was still having difficulty with his knee; however, medical evidence indicated otherwise.
"It is the judge's function to determine the weight which is to be accorded the medical testimony as well as the lay testimony." Tantillo v. Liberty Mutual Insurance Company, 315 So.2d 743 (La.1975).
Upon fulfilling this function the trial judge apparently gave greater weight to the medical evidence. It is well established that: "On appellate review, the trial court's factual findings of work-connected disability are entitled to great weight. They should not be disturbed where there is evidence before the trier of fact which, upon the latter's reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's findings, unless clearly wrong." Crump v. Hartford Accident & Indemnity Company, et al., 367 So.2d 300 (La.1979).
We conclude that a reasonable evaluation of the evidence supports the trial court's finding that appellant was no longer disabled when compensation was terminated. Therefore, this finding cannot be disturbed.
Furthermore, the trial judge's denial of penalties and attorney fees cannot be disturbed. L.S.A.-R.S. 22:658 provides that a 12% penalty and attorney fees may be imposed only when failure to pay is "arbitrary, capricious, or without probable cause." This statute being penal in nature must be strictly construed and the burden is on the claimant to prove that failure to pay was arbitrary, capricious or without probable cause. Gauthier v. Employers National Insurance Co., 316 So.2d 769 (La.App. 1st Cir. 1975).
After careful review of the record, we find no manifest error in the trial judge's determination that the evidence does not indicate that failure to pay was arbitrary, capricious or without probable cause.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.