DIXON, Chief Justice.
The plaintiff suffered an employment related injury on July 3,1978. His employer’s compensation insurer issued its first check *839 to plaintiff on July 21, 1978 for $240.12, which was intended to cover compensation benefits for the first three weeks of disability at a rate of $80.04 per week. The record does not indicate how this figure was calculated, nor was the insurer’s agent able to give any explanation for it.
Plaintiff’s attorney, who was under the mistaken impression that plaintiff was earning $4.85 an hour at the time of his accident, wrote letters to the employer and the insurer, on August 7 and 23, requesting an increase in compensation benefits to $126.10 per week.[1] No adjustment was made in the weekly benefits. On September 19, in response to an inquiry from the insurer, the employer made a complete breakdown of plaintiff’s wages for the period preceding his accident. Although plaintiff did earn $4.85 an hour during one period, his wage record showed that he was paid at a $4.00 hourly rate in the weeks prior to the accident. Based upon this information, the proper compensation payment should have been $106.67 per week.[2] Again, however, no adjustment was made.
Plaintiff filed suit on October 31. On November 16 compensation payments were increased to $106.67, made retroactive to the time of the injury. These payments continued until December 8, when plaintiff began to receive a weekly check of $129.33, again made retroactive to the time of the injury. Plaintiff was pronounced fit to work on March 13, 1979 at which point compensation benefits were discontinued.
The trial court found that plaintiff was no longer disabled after March 13, and that the compensation insurer’s failure to pay the full amount due to plaintiff in the initial months after his accident had not been arbitrary or capricious. The First Circuit affirmed. Henley v. F. G. Sullivan, Jr., Contractor, 385 So.2d 497 (La.App.1980).
The sole issue now presented for review is whether the compensation insurer arbitrarily failed to pay plaintiff the full amount of compensation benefits due on a weekly basis, thus incurring liability for penalties and attorney’s fees under R.S. 22:658.
R.S. 22:658 states in part that an insurer shall make payments due under the workers’ compensation act:
“... within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, ... together with all reasonable attorney’s fees for the prosecution and collection of such loss, ...”
The insurer evidently had satisfactory proof of plaintiff’s employment related disability by July 21, when it issued its first payment. The law is quite clear that when an employee suffers a temporary total disability, he is entitled to receive two-thirds of his wages during the period of his disability. R.S. 23:1221(1). Although there may have been a genuine dispute over the $4.85 hourly wage figure, the fact that plaintiff was earning at least $4.00 an hour was not open to doubt. Again, the law is clear that an employee’s weekly wage must, at a minimum, be calculated upon a forty hour week. R.S. 23:1021(7)(a). Under these circumstances, it should have been a simple matter for the insurer to conclude that plaintiff was entitled to at least two-thirds of $160.00 per week, or $106.67.
At the trial on the merits, the insurer’s agent was asked to explain the basis for the initial compensation benefits of $80.04 per week. He replied: “I’m embarrassed to tell you that I really can’t come up with the basis for the rate that she used.” This statement must be taken as an admission that the initial calculation of compensation *840 benefits was without a rational foundation and was unsupported by any information that could easily have been obtained from the employer. There is no evidence in the record to indicate that the error was a clerical one. Cf. Moore v. St. Paul Fire & Marine Ins. Co., 251 La. 201, 203 So.2d 548 (1967). Rather, the error seems to have been made in applying the plain and unambiguous provisions of the law. See Malone & Johnson, Workers’ Compensation § 389 (1980).
The record indicates that, at the latest, the insurer was apprised of a discrepancy in its payments by August 23, when plaintiff’s counsel communicated his understanding that plaintiff’s pay at the time of his accident was $194.00 per week. The letter constituted a demand for proper payment. Steadman v. Pearl Assurance Co., 242 La. 84, 134 So.2d 884 (1961). Under R.S. 22:658, the insurer is given sixty days from demand to begin making payments in the proper amount. Yet the insurer in the present case did not make an adjustment until November 16, after suit had been filed. Under these circumstances, we find that the insurer’s failure to make an adjustment of its weekly compensation payments within sixty days of plaintiff’s demand was entirely arbitrary and unreasonable. An insurer cannot, as apparently is the case here, pluck a figure out of the air in determining its payments and escape the sanctions of the statute. Moreover, the insurer was sent a complete report concerning plaintiff’s prior wages on September 19, and still delayed almost two months before making an adjustment.
The trial court’s determination that plaintiff was entitled to $106.67 in weekly payments has become final and definitive. C.C.P. 1841-42. This being the case, the insurer’s retroactive payments of $129.33 have more than satisfied the 12% penalties imposed by R.S. 22:658. According to the statute, plaintiff’s counsel is entitled to “all reasonable attorney’s fees for the prosecution and collection” of the difference between the amount of benefits actually paid and the amount which was due. Because the record affords no basis for determining what fees would be reasonable, the matter is remanded to the district court for an evidentiary hearing in order to make that determination.
The opinion of the appellate court is reversed; the matter is remanded for further proceedings consistent with this decision, at defendants’ cost.

. This figure is itself the result of a miscalculation. If plaintiff was paid an hourly wage of $4.85, his gross weekly earnings would have been $194.00. Two-thirds of this figure is $129.33, not $126.10.

. See R.S. 23:1221 and R.S. 23:1021(7).