404 So.2d 1287 (1981)
Wilbert WAINWRIGHT, Plaintiff-Appellee,
v.
FILES TIMBER COMPANY, INC. and Worldsurance, Inc., Defendants-Appellants.
No. 14629.
Court of Appeal of Louisiana, Second Circuit.
September 29, 1981.
*1288 O. P. Barnes, III, Monroe, for defendants-appellants.
Simmons & Nelson by Otha Curtis Nelson, Sr., Baton Rouge, for plaintiff-appellee.
Before PRICE, HALL and JASPER E. JONES, JJ.
HALL, Judge.
Plaintiff, who cut and hauled pulpwood for his employer, Files Timber Company, Inc., suffered an on-the-job injury to his back in March, 1979. Plaintiff reported his injury to his employer and a claim for workmen's compensation benefits was filed with the employer's insurer, defendant Worldsurance, Inc. In August 1979 the insurer paid to plaintiff $1,400, constituting payment of benefits for 14 weeks at $100 per week. No further benefits were paid. Plaintiff filed this suit against his employer and its insurer to recover the additional benefits allegedly due him for the period of his temporary total disability and also asked for penalties and attorney fees for the insurer's arbitrary termination of benefits.
The trial court rendered judgment awarding plaintiff $166.33 per week for 49 weeks, the period of plaintiff's temporary total disability, and travel expenses in the *1289 amount of $126. The trial court further assessed penalties of 12 percent and attorney fees in the sum of $1,000 against the defendants for the arbitrary and capricious termination of benefits. Defendants suspensively appeal. We amend to correct an error in the calculation of the weekly benefit amount and to assess penalties and attorney fees solely against defendant Worldsurance, Inc., and otherwise affirm.
Defendants' initial complaint on appeal is that the trial court erred in finding that plaintiff's average weekly wage was $200. Admittedly, the nature of plaintiff's work and the manner in which he was paid made the determination of his average wage difficult.
Plaintiff and his partner were engaged in the business of cutting and hauling pulpwood for Files Timber Company, Inc. The partners were paid on a weekly basis per cord of wood delivered to the pulpwood mill. Payment per cord varies with the type and quality of the pulpwood. From the total amount payable for all of the cords of wood cut and delivered during the weekly period Files deducted certain amounts (unspecified in the record) toward the purchase by plaintiff of a logging truck and for use of equipment supplied by Files. Out of the total sum paid to the partners by Files, the partners had to pay any casual laborers who worked for them during the week. The partners split the remainder between themselves.
At trial plaintiff testified that, on the average, he brought home at least $200 per week. This testimony was corroborated by his wife. Defendants offered no evidence to the contrary and did not produce any records which would contradict plaintiff's testimony in this regard. Consequently, the trial court did not err in determining, from the only evidence offered, that plaintiff's average weekly wage was $200.
LSA-R.S. 23:1221(1) requires an employer to pay an employee who suffers an injury producing temporary total disability weekly benefits in the amount of 66 2/3 percent of the employee's wages. All parties agree that, based on a $200 average weekly wage, the weekly benefit amount should be $133.33 rather than $166.33 as provided in the judgment. Therefore, the judgment will be amended to correct this error in calculation.
Defendants next argue that the evidence does not establish that plaintiff suffered a temporary total disability from April 2, 1979 until March 10, 1980 as found by the trial court. Defendants contend that plaintiff's disability did not begin until April 27, 1979 and continued until October 23, 1979 at the latest.
The evidence establishes that plaintiff suffered an injury to his back on March 19, 1979. Apparently plaintiff continued working but was in substantial pain and finally sought medical treatment on April 2, 1979. At that time, Dr. J. E. Booth of the Norris Clinic in Farmerville diagnosed plaintiff's injury as a para-thoracicolumbar muscle spasm and prescribed a muscle relaxer and a mild analgesic. Plaintiff returned to Dr. Booth on April 27, 1979 complaining of back pain. The doctor's notes reveal that plaintiff returned to work on April 23 but that his back had continued to give him trouble. Defendants argue from this that plaintiff must have worked until April 27, 1979 and that his disability did not begin until this date. This argument lacks merit. Dr. Booth's records clearly indicate that plaintiff returned to work for only a few days after his first office visit and was still disabled as a result of his initial injury. The trial court was correct in determining that plaintiff's disability began on April 2, 1979.
Plaintiff was under Dr. Booth's care through May 1979 and then was referred to Dr. Altenberg, an orthopedic surgeon. Dr. Altenberg diagnosed plaintiff's injury as an acute protruded lumbar disc and advised plaintiff to restrict all of his activities. Plaintiff was also fitted with a lumbosacral corset which he was instructed to wear all of the time. In a report dated October 23, 1979, Dr. Altenberg noted that he had advised plaintiff to return to work; thus, defendants argue that plaintiff's disability ceased on this date. The report, however, makes it clear that plaintiff had not fully recovered from his injury and that he was *1290 not discharged from treatment. Further, it seems that plaintiff was advised to resume work more or less on a trial basis. Plaintiff was not discharged to resume full and normal work activities until March 10, 1980, as reflected by Dr. Altenberg's report of that date. The trial court's determination that plaintiff's temporary total disability endured for 49 weeks is correct.
Finally, defendants contend that the evidence does not support the finding that defendants acted arbitrarily and capriciously in terminating benefits and that, therefore, the trial court erred in awarding penalties and attorney fees under LSA-R.S. 22:658.
Plaintiff reported his injury to his employer in March 1979. The employer's insurer paid all medical bills incurred by plaintiff but did not pay any worker's compensation benefits until August 1979 when a $1,400 payment was made to plaintiff. Although the record is not clear on this point, it seems that plaintiff was paid benefits in the sum of $100 per week for 14 weeks. The $100 per week figure was arbitrarily arrived at by the insurer because plaintiff's average wage was difficult to determine. No additional payments were made by defendants. The difficulty in determining plaintiff's average weekly wage did not justify defendants' failure to pay any benefits whatsoever after the $1,400 payment was made.
The trial court determined that the only possible reason defendants made no further payments was because of a report by Dr. Altenberg dated August 2, 1979 in which the doctor stated that plaintiff had continued to work. That same report, however, indicated that plaintiff would require further treatment for at least six more months. With a little investigation defendant insurer could have ascertained that plaintiff was no longer working for Files Timber Company, Inc., and that he was doing much lighter work and was still disabled. Additionally, Dr. Altenberg continued to send reports to defendant insurer concerning plaintiff's progress. These later reports clearly indicated that plaintiff was not fully recovered and had not been discharged to return to his normal work activities. We find no error in the trial court's determination that the defendant insurer terminated benefits without probable cause and in an arbitrary and capricious fashion. The judgment for penalties and attorney fees should, however, be against the insurer only under the provisions of LSA-R.S. 22:658.
In brief, plaintiff-appellee asks that the attorney fees be increased for services rendered on appeal. Plaintiff neither appealed nor answered the appeal and, therefore, the amount of the judgment for attorney fees cannot be increased on appeal.
For the reasons assigned, the judgment of the district court is amended to change the amount of the weekly benefit awarded from $166.33 to $133.33. The judgment is further amended to reflect that the award of penalties and attorney fees is solely against defendant Worldsurance, Inc. The judgment of the district court is otherwise affirmed. Costs of this appeal are assessed to defendants-appellants, Files Timber Company, Inc. and Worldsurance, Inc.
Amended and, as amended, affirmed.