406 So.2d 708 (1981)
Myrtle R. MOORE and Argyle B. Moore, Plaintiffs-Appellees,
v.
MILLERS MUTUAL FIRE INSURANCE COMPANY OF TEXAS and Lake Providence Port Elevator, Inc., Defendants-Appellants.
No. 14706.
Court of Appeal of Louisiana, Second Circuit.
November 2, 1981.
Rehearing Denied December 10, 1981.
*709 Davenport, Files, Kelly & Marsh by Thos. W. Davenport, Jr., Monroe, for defendants-appellants.
McKinley & O'Neal by Hodge O'Neal, III, Monroe, for plaintiffs-appellees.
Before HALL, JASPER E. JONES and FRED W. JONES, JJ.
En Banc. Rehearing Denied December 10, 1981.
FRED W. JONES, Judge.
This suit for workmen's compensation death benefits, penalties and attorney fees was filed by a deceased employee's mother and stepfather against the decedent's employer and its workmen's compensation insurance carrier. The trial judge found that the plaintiff mother was partially dependent upon her deceased son and awarded her the minimum statutory death benefits, together with penalties and attorney fees.
Defendants appealed, contending that the trial judge erred in (1) finding that the plaintiff mother was actually dependent upon her deceased son's earnings for her support at the time of his death and (2) holding that defendants were arbitrary, capricious or unreasonable in their refusal to pay death benefits and, consequently, assessing them with penalties and attorney fees.
Plaintiffs answered the appeal, asserting that the plaintiff mother should have been found totally dependent rather than partially dependent upon her deceased son's earnings; that the attorney fee award should be increased to pay for legal services rendered in connection with this appeal; and, alternatively, and in the event this court should conclude that the plaintiff mother was not dependent at all upon the earnings of the decedent, the plaintiff stepfather should be found to have been dependent upon those earnings.
We amend the judgment of the trial court to assess penalties and attorney fees against the defendant insurer only and to increase the attorney fee award, and otherwise affirm.
Dependency
The Louisiana Workmen's Compensation Act provides for the payment of death benefits to legal dependents of the deceased employee who were dependent upon his earnings for support at the time of his accident and death. LA.R.S. 23:1231.
A surviving spouse who was living with the deceased employee at the time of his accident and death, and children in certain categories, are conclusively presumed to have been wholly and actually dependent upon the employee. LA.R.S. 23:1251.
In all other cases (including claims of parents) "the question of legal and actual dependency in whole or in part, shall be determined in accordance with the facts as they may be at the time of the accident and death...." LA.R.S. 23:1252.
Donald Whatley, the deceased employee, went to work for the defendant employer when he graduated from high school some 14 months prior to his fatal accident, which occurred on September 11, 1979.[1] It appears from the record that Donald Whatley's father died sometime prior to 1976, since in that year his mother *710 married Argyle Moore. She moved with her family, including the minor Donald, to the farm residence of her new husband, located on 40 acres of land. Donald Whatley continued residing there until his death at the age of 20. He was never married and had no children.
At the time of Donald Whatley's death, members of the household in addition to his mother and stepfather were his 17 year old sister and his invalid maternal grandmother. The sister received monthly social security benefits of $158 and his grandmother received social security benefits of $216 per month and worker's compensation benefits of $120 per month. Argyle Moore was regularly employed by a butane company at an annual salary of approximately $10,000. Decedent's mother was not employed outside the home.
Mrs. Moore testified that her son would routinely cash his weekly salary check and give her $40 to buy groceries or pay bills, except for one week each month when he had to make a car payment. Her testimony on this issue was corroborated by her husband and another son, Leonard Whatley. Defendants did not refute this.
The fact of dependency in worker's compensation claims of this nature is proved by evidence that the deceased employee made actual contributions to the support of the claimant. The question then becomes whether the claimant was totally or partially dependent upon the contribution of the decedent. If that contribution was the only support of the claimant dependent, he would be classified as totally dependent. On the other hand, the partial dependent is one who at the time of the fatal accident received only a part of his support from the decedent's earnings. In other words, in determining if the claimant was totally dependent upon the earnings of the deceased employee, the pivotal question is whether the claimant was forced to rely entirely upon contributions from the decedent. If this contribution was only one of several sources from which support was forthcoming, the dependency would be classified as partial rather than total. Malone & Johnson, Worker's Compensation, § 310, pp. 57-60.
As pointed out in Hurks v. Bossier, 367 So.2d 309 (La.1979) proof of actual dependency does not require a showing that the claimant would have lacked the necessities of life without decedent's contributions. The court added:
"Partial dependency may be found when, although the claimant may have other substantial sources of support from his own work, from property, or from other persons on whom claimant is also dependent, the contributions made by the decedent were looked to by the claimant for the maintenance of his accustomed standard of living." (Emphasis added)
In this case there is no question but that the deceased employee made regular cash contributions to his mother and that she looked to these for the maintenance of her accustomed standard of living, even though she had a substantial source of support from her husband. We find, therefore, that the trial judge correctly held the plaintiff mother was partially dependent upon the earnings of her deceased son for her support at the time of his death.[2]
It should further be noted that the determination of the extent of partial dependency is the gross amount contributed to the dependent and not the net sum which the claimant derived after allowances for expenses due to the decedent's having resided with the claimant. See Chauvin v. American Mutual Liability Ins. Co., 17 La. App. 187, 134 So. 450 (Orl. Cir. 1931).
The formula for ascertaining the rate of worker's compensation death benefits due partial dependents is set forth in La.R.S. 23:1231.[3] Decedent's weekly earnings in *711 1979 were $163.34. Considering that he skipped contributing to his mother one week each month, his average weekly contribution to her support in 1979 was $30. It is apparent that, calculating her weekly death benefits in accordance with the described formula, Mrs. Moore would receive less than the statutory minimum of $44. Therefore, the trial judge correctly awarded her that amount as a partial dependent of her deceased son.
Penalties and Attorney Fees
La.R.S. 22:658 provides for the assessment of penalties and attorney fees against an insurer for failure to pay policy benefits within 60 days after receipt of proof of loss and demand for payment, when such failure is found to be arbitrary, capricious, or without probable cause.
Since this statutory provision is penal in nature, it is to be strictly construed and the stipulated sanctions should be imposed only in those instances in which the facts negate probable cause for nonpayment. Crawford v. Smith Plumbing & Heating Service, Inc., 352 So.2d 669 (La.1977).
Whether failure to make compensation payments is arbitrary, capricious or without probable cause within the meaning of the cited statute depends primarily upon circumstances existing and known to the insurer at the time compensation payments are refused. Basco v. Dept. of Corrections, 335 So.2d 457 (La.App. 1st Cir. 1976).
The adjuster who investigated this fatal accident for the defendant insurance company testified he visited decedent's place of employment on the day after the accident. He learned at that time the employee was single and lived with his mother and stepfather. Upon checking with the employer, the adjuster ascertained the decedent claimed no dependents on his tax withholding form. Asked if, upon the basis of this information, he envisioned the possibility the Moores might be dependent upon the decedent, the adjuster replied: "Well, that thought crossed my mind. However, we reported the facts to the insurance company and they advised us not to approach his mother and stepfather directly." Instead, the adjuster was instructed to make "discreet" inquiries.
By letter dated March 31, 1980, counsel for the Moores made demand upon the defendant employer for worker's compensation death benefits based upon the asserted dependency of the mother and stepfather. When there was no response to this demand, suit was filed on May 23, 1980. Defendants then proceeded to verify the stepfather's employment and the amount of his salary. In August 1980 defendants took the discovery depositions of plaintiffs. Both testified the decedent gave his mother $40 per week from his earnings.
The March 1980 letter from plaintiffs' counsel to the defendant employer satisfied the "demand" requirement of La.R.S. 22:658. Henley v. F. F. Sullivan, Jr., Contractor, Inc., 391 So.2d 838 (La.1980). The question then is whether the failure of defendants to pay death benefits to the plaintiff mother within 60 days thereafter was arbitrary, capricious or without probable cause.
Defendants argue they were justified in refusing payment of death benefits because their investigation revealed decedent claimed no dependents for income tax purposes; neither the mother nor the stepfather was conclusively presumed under the law to be dependent upon decedent's earnings; and the stepfather was regularly employed at a substantial salary.
In written reasons for judgment the trial judge recognized that plaintiffs had the burden of proving dependency, but assessed penalties and attorney fees because "once demand was made, the Defendants should have considered the evidence."
In Dowden v. Liberty Mutual Insurance Co., 346 So.2d 1311 (La.App. 3rd Cir. 1977) penalties and attorney fees were awarded *712 because the insurer "failed to fully investigate the claim" before refusing to pay benefits.
In this case the defendant insurance company appeared to rely primarily upon the decedent's failure to claim dependents for income tax purposes to conclude that he had no actual dependents at the time of his death. Therefore, when demand for payment was made no further investigation was conducted, except to verify the employment of the stepfather.
The fact that the decedent was a young single man living with his mother at the time of his death should have alerted the defendant insurance company to the real possibility of actual dependency by his mother to some extent upon her deceased son's earnings. Obviously, this dependency could exist under our Worker's Compensation laws despite the fact that the mother was not listed by decedent as a dependent on his income tax returns, since the pertinent criteria are different. Furthermore, the fact of the stepfather's employment did not rule out the possibility that decedent was contributing to the support of his mother and that she relied upon these contributions to maintain her accustomed standard of living.
To summarize, at the time demand was made for payment of death benefits, we find that the defendant insurance company did not possess facts which constituted probable cause for nonpayment. The defendant made no reasonable effort to conduct a further investigation to ascertain whether those facts existed. It appeared satisfied simply to verify the stepfather's employment. As explained, that alone would certainly not negate the possibility of dependency by the mother upon earnings of the deceased. Consequently, we agree with the trial judge in the assessment of penalties and attorney fees since the defendant insurer acted without probable cause in declining to pay death benefits. However, under La.R.S. 22:658 that assessment should be levied against the insurer only rather than against both it and the defendant employer. Wainwright v. Files Timber Co., 404 So.2d 1287 (La.App. 2d Cir. 1981).
The award of $5,000 as an attorney fee was within the broad discretion of the trial judge. Plaintiff requested in her answer to the appeal and is entitled to an additional attorney fee award to cover the cost of legal services rendered in connection with this appeal, which increase we fix at $500.
For the reasons set forth, we amend the judgment of the trial court to assess penalties and attorney fees against the defendant insurer only and increase the attorney fee award to $5,500. As amended, the judgment is affirmed, with the cost of appeal assessed to appellants.
NOTES
[1] The parties stipulated that Donald Whatley was killed in an accident which occurred during the course of and arose out of his employment with the defendant employer.
[2] Plaintiffs concede that this determination excludes a finding of dependency on the part of the stepfather also, since the mother is a "preferred" dependent under La.R.S. 23:1232(7).
[3] This provides in pertinent part that "if the employee leaves legal dependents only partially actually dependent upon his earnings for support at the time of the accident and death, the weekly compensation to be paid shall be equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependents in the year prior to his death bears to the earnings of the deceased at the time of the accident."