GULOTTA, Judge,
⅛ ⅛⅛ worker>s compenSation case, defendant and ⅛ insurer appeal from a judg. ment fw $10;000.00 in death benefits to a father for the work.reiated death of his minor son.[1] We reverse ⅛6 judgmentj and dismiss the father’s claim.[2]
Defendants contend the trial judge erred in failing to grant a motion for directed verdict. According to defendants, the plaintiff-father failed to introduce any evidence to support conclusions that the fatal accident was work-related and that he was partially dependent upon his minor son’s earnings. Because we conclude that plaintiff failed to establish partial dependency, we find no necessity to consider defendants’ argument that the death was not work-related.
Plaintiff’s son, Jeffery Bellamy, a fourteen year old employee of Mr. Pride Car Wash, died on April 17, 1979, following an April 13 accident. He was earning minimum wage scale while working after school, on week-ends, and during summer vacation. Most of his weekly pay checks were less than $100.00.
According to the father’s testimony, which was disputed by the mother and other witnesses, Jeffery recognized his father’s “hardship” and gave him approximately 25% of his pay. If Jeffery made $50.00 in a week, he would give the father $12.00 or $15.00. Jeffery made these payments “whenever he had enough money”.
The father, on the other hand, was gainfully employed and receiving additional military retirement benefits. In 1978, his net income from these sources was $12,813.24; in 1979, it was $13,796.65.
*718 At the time of his death, Jeffery was in the custody of his mother. His parents were living apart, and plaintiff had been ordered to pay $150.00 per month for Jeffery’s support.
The legal standard for determining partial dependency entitling a claimant to worker’s compensation death benefits is whether “the contributions made by the decedent were looked to by the claimant for the maintenance of his accustomed standard of living”, even though the claimant may have other substantial sources of support from his own work, assets or. other income. See Hurks v. Bossier, 367 So.2d 309 (La.1979); Moore v. Millers Mut. Fire Ins. Co. of Texas, 406 So.2d 708 (La.App. 2nd Cir.1981), writ denied 410 So.2d 1132 (La.1982); Durbin v. Argonaut Ins. Co., 393 So.2d 385 (La.App. 1st Cir.1980). Under LSA-R.S. 23:1252, the question of actual dependency “... shall be determined in accordance with the facts as they may be at the time of the. accident and death.... ”
Assuming the son had regularly contributed a portion of his weekly pay to his father, the evidence is insufficient to support a conclusion that the father looked to these gratuities for maintenance of his accustomed standard of living. The son’s contributions amounted to a small percentage of the father’s income from other sources. Moreover, the son was living with his mother at the time of his death, and the father was obligated to pay $150.00 per month for the son’s support. Under these circumstances, we cannot conclude that the gainfully employed father was partially dependent upon his son’s meager contributions from a part-time job when the son himself depended upon the father for support. Plaintiff has simply failed to establish partial dependency.
Accordingly, the judgment of the trial court is reversed and set aside. Judgment is now rendered dismissing plaintiff’s suit at his cost.
REVERSED AND RENDERED.

. LSA-R.S. 23:1231 provides, in pertinent part: “For injury causing death within two years after the accident, there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as hereinafter provided. If the employee leaves legal dependents only partially actually dependent upon his earnings for support at the time of the accident and death, the weekly compensation to be paid shall be equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependents in the yeár prior to his death bears to the earnings of the deceased at the time of the accident.”

. This appeal involves only the question of the father’s entitlement to death benefits. The mother’s claim has been settled and is not before us.