492 So.2d 193 (1986)
Marvin HODGES, Plaintiff-Appellee,
v.
SENTRY INSURANCE COMPANY, Defendant-Appellant.
No. 85-726.
Court of Appeal of Louisiana, Third Circuit.
July 2, 1986.
*194 Stafford, Stewart & Potter, Bradley J. Gadel, Alexandria, for defendant-appellant.
Chris J. Roy, Alexandria, for plaintiff-appellee.
Before STOKER and YELVERTON, JJ., and BERTRAND[*], J. Pro. Tem.
*195 BERTRAND, Judge Pro Tem.
This is a worker's compensation suit in which the plaintiff seeks benefits based on total and permanent disability plus penalties and attorney's fees. Made defendant is Sentry Insurance Company, compensation carrier for plaintiff's former employer, Raymond Prestridge Contractors.
The trial court found plaintiff to be permanently partially disabled and awarded benefits at the rate of $144.00 per week to commence from the time plaintiff's compensation benefits were terminated. The Court also awarded statutory penalties and attorney's fees in the amount of $2,000.00.
The defendant appeals, asserting that the trial Court erred (1) in calculating the appropriate worker's compensation rate for plaintiff upon a finding that plaintiff was permanently partially disabled, (2) in finding that defendant was arbitrary and capricious in withholding benefits, and (3) in awarding excessive attorney's fees.
The plaintiff did not appeal and failed to answer the appeal of the defendant.
The issues on appeal are: (1) the correctness of the method used in calculating the rate of partial disability benefits owed; (2) whether defendant compensation carrier was arbitrary and capricious in terminating benefits; (3) whether the trial court abused its discretion in awarding penalties and attorney's fees; and (4) whether the attorney's fees awarded were excessive.

FACTS
On October 15, 1980 while in the course and scope of his employment as a painter with Raymond Prestridge Painting Company, Marvin Hodges fell about 30 feet onto concrete and was seriously injured. At this time plaintiff was earning $10.40 an hour.
Plaintiff received benefits of $164.00 per week from the date of the accident until March 29, 1984.
On March 29, 1984 Sentry discontinued payments when it learned, through a surveillance report, that plaintiff was working for Homer Scott, a self-employed sub-contractor and owner of the Old Town Paint Shop in Alexandria. At this time, defendant did not determine plaintiff's rate of pay at this job.
Plaintiff testified that he began work with his present employer as a painter's helper in March, 1984. He stated that he is unable to perform his previous duties as a painter due to the injuries he sustained in the October, 1980 accident. He explained that his present duties are to wash brushes and rollers and to do the priming work. Plaintiff testified that before he was hired as a painter's helper he did some part time work for Mr. Scott which included delivery of paint. Plaintiff was paid $15.00 to $20.00 plus expenses for each delivery.
Homer Scott stated that plaintiff began work as a painter's helper in March, 1984. He paid plaintiff $3.50 an hour for this work. Mr. Scott cited several tasks which plaintiff is unable to perform due to his injuries. He explained that plaintiff's ability to perform is impaired by a limp and a lack of movement in his arms.
The deposition of Sandy Darensbourg, claims examiner for defendant insurance company, was admitted into evidence as joint exhibit 1. Ms. Darensbourg stated that at the time plaintiff's benefits were terminated the company did not consider obtaining his current salary information. She stated that the benefits were terminated solely because the company learned through a surveillance report that plaintiff was working as a painter.
Lester Keith Boudreaux, the private investigator employed by defendant, stated that he personally observed plaintiff at work. He stated he observed plaintiff carrying equipment but did not see him painting. Mr. Boudreaux testified he spoke to Homer Scott about plaintiff's employment but did not obtain any salary information.
The medical reports of Dr. T.E. Banks of the Alexandria Orthopaedic Clinic indicate that Dr. Banks believed plaintiff had a residual disability. Plaintiff's major problems, he opined, involved the incomplete *196 use of the right upper extremity, a true psychological fear of falling and discomfort in his right knee and ankle. Dr. Banks pointed out that these disabilities prevent plaintiff from working overhead, working on scaffolding and performing any work involving persistent kneeling in his right lower extremity.

Amount of weekly benefits.
The first issue presented for our determination is whether the trial court correctly calculated the amount of weekly benefits due plaintiff.
The trial court found that plaintiff earned approximately $200.00 per week post accident wages ($3.50 per hour at 40 hours a week plus $60.00 per week gas money) as contrasted to $416.00 per week before the accident ($10.40 an hour for 40 hour week) yielding a differential of $216.00 less per week. The Court then determined that plaintiff was entitled to two-thirds of this amount or $144.00 in weekly worker's compensation benefits.
The value or worth of a commodity furnished an employee must be included in determining the employee's weekly wage. Collins v. Spielman, 200 La. 586, 8 So.2d 608 (1942); Ardoin v. Southern Farm Bureau Casualty Ins. Co., 134 So.2d 323 (La. App. 3d Cir.1961). Any money paid the employee which can be regarded as remuneration or reward for his services should be included in fixing his compensation, irrespective or whether or not the payment was in the form of wages. Malone, Louisiana Workmen's Compensation (1951) Sec. 329, p. 446; Deason v. Travelers Insurance Company, 242 So.2d 906 (La.App. 3d Cir.1971).
Plaintiff's present employer testified that he paid plaintiff, in addition to his hourly wage, approximately $60.00 per week for gasoline used by plaintiff going to and from work. The Trial Court found this payment to be "for all practical purposes earned wages and income." There is no direct evidence in the record to establish an agreement between the plaintiff and Scott that the value of the gasoline was to be paid as wages, however, the testimony leads us to believe that the value of the gasoline payments was a factor considered by plaintiff and Scott in establishing the amount of plaintiff's wages. We cannot say that the Trial Court was wrong in including those items in computing the amount of plaintiff's benefits. Morgan v. Equitable General Insurance Company, 383 So.2d 1067 (La.App. 3d Cir.1980).
Defendant argues that the Court should have based its calculation of plaintiff's actual weekly income at the time of the accident on what plaintiff actually earned in the three (3) weeks preceding the accident. According to defendant, this method results in an average weekly wage of $320.77. Additionally defendant contends the approximate post-accident wage, including the $60.00 gas allowance paid to plaintiff, is $200.00 per week based on a 40 hour week. Defendant concludes that sixty-six and two-thirds (66 2/3) of the difference between $200.00 per week and the wage plaintiff earned before the accident of $320.77 per week is $80.51 per week. Defendant contends this is the correct weekly benefit due plaintiff. The parties do not dispute the Trial Court's finding of permanent partial disability.
Plaintiff is therefore entitled to compensation benefits at the rate of 66 2/3% of the difference between his weekly wages earned at the time of the injury and his weekly wages actually earned thereafter for a maximum period of 450 weeks. If there occur any weeks in which plaintiff's weekly wage exceeds his weekly wage at the time of the accident, then he is entitled to no compensation during that period. LSA-R.S. 23:1221(3).
LSA-R.S. 23:1021(7)(a) provides the formula for determining the wages of an employee paid on an hourly basis as follows: "Wages" means average weekly wage at the time of the accident. The average weekly wage shall be determined as follows: (a) If the employee is paid on an hourly basis, his hourly wage rate multiplied by the average actual hours worked in the four full weeks preceding the date of *197 the injury or forty hours, whichever is greater ... LSA-R.S. 23:1021(7)(a)
If the average number of hours worked in the previous four weeks is less than forty hours, the average weekly wage should be computed by multiplying the plaintiff's hourly wage rate by forty hours. Arthur v. McConnell, 286 So.2d 499 (La. App. 2d Cir.1973); Skinner v. Boise Southern Co., 364 So.2d 223 (La.App. 3d Cir 1978); Green v. Provencal Tie Mill, 392 So.2d 722 (La.App. 3d Cir.1980). The law is clear that an employee's weekly wage must, at a minimum, be calculated upon a forty hour week. LSA-R.S. 23:1021(7)(a); Henley v. F.G. Sullivan, 391 So.2d 838, (La.1980).
In the instant case the plaintiff's hours for the prior four (4) weeks averages less than forty, consequently, his average weekly wage at the time of the accident was $10.40 an hour times 40 hours ($416.00). The trial court correctly calculated the plaintiff's weekly wage at the time of the accident.
Our Supreme Court in Martin v. H.B. Zachry Co., 424 So.2d 1002 (La.1982), implemented the formula as set out in LSA-R.S. 23:1221(3) in calculating partial permanent disability benefits. This formula requires the use of post-accident wages actually earned in determining the amount of weekly benefits due a plaintiff.
Since benefits at the rate of $164.00 per week were paid from October 5, 1980 until April 1, 1984 defendant is to be credited for the weekly payments made up until that date. Our review of the record shows that Hodges earned a total of $4,728.50 for the pay period of March 29, 1984 through December 6, 1984. Defendant did not rebut the fact that Hodges began his employment as a painter's helper in March, 1984. Excluding the one week of that period where he was paid disability benefits, Hodges weekly earnings amounted to $131.10 per week and $60.00 in gasoline benefits, a total of $191.00. At the time of the accident Hodges was earning $10.40 per hour for a total of $416.00 per week.
Sixty-six and 2/3 per cent of the difference is $149.94. However, the plaintiff not having appealed is bound by the findings of the Trial Court and is therefore entitled to weekly benefits of $144.00 for the aforementioned pay period. The Court has no further record of Hodges' earnings. His weekly benefits hereafter are to be calculated by Sentry Insurance Company according to the formula as set out in LSA-R.S. 23:1221(3). Legal interest shall accrue on all past due installments from the date due until paid.

Penalties And Attorney's Fees
The trial court found that the defendant, Sentry, was arbitrary and capricious in withholding benefits from the plaintiff and awarded 12% penalties on all past due benefits and attorney's fees of $2,000.00.
When a compensation insurer is arbitrary and capricious in terminating benefits, it is liable for statutory penalties and attorney's fees. LSA-R.S. 22:658. Whether or not a termination of or refusal to pay benefits is arbitrary and capricious or without probable cause depends primarily on the facts known to the insurer at the time of its action. Lee v. Smith, 248 La. 16, 176 So.2d 413 (1965); Arthur v. McConnell, 286 So.2d 499 (La.App. 2d Cir.1973); Thibodeaux v. Dresser Industries, Inc., 407 So.2d 37 (La.App. 3d Cir.1981), writ denied, 412 So.2d 85 (La.1982). The question is ultimately one of fact and the Trial Court's finding should not be disturbed on appeal absent manifest error. Scott v. Sears, Roebuck, & Co., 406 So.2d 701 (La.App. 2d Cir.1981); Kilbourne v. Armstrong, 351 So.2d 802 (La.App. 1st Cir.1977).
On April 1, 1984, based solely on a surveillance report made by Quality Inspections, which showed plaintiff was employed, Sandy Darensbourg of Sentry unilaterally discontinued worker's compensation benefits. Ms. Darensbourg made no effort at this time to ascertain the rate of pay that Marvin Hodges was receiving nor whether he was able to maintain such employment without substantial pain, a fact the trial judge found important. Such an inquiry would have revealed that plaintiff *198 was forced due to his residual disabilities to work as a painter's helper earning the greatly reduced hourly wage of $3.50 an hour.
In light of these circumstances, we find no error in the conclusion of the trial court that Sentry Insurance Company was arbitrary and capricious in terminating plaintiff's benefits.
The trial court awarded an attorney's fee of $2,000.00. Sentry contends that the amount of time and effort expended by plaintiff's counsel does not justify such an award. While these factors may be considered by the trial court, they do not limit the exercise of the judge's discretion. An award made as a result of arbitrary nonpayment of benefits is in the nature of a penalty and the value of the attorney's services need not be proven. Bernard v. Merit Drilling Company, 434 So.2d 1282 (La.App. 3rd Cir.1983); Fontenot v. Town of Kinder, 377 So.2d 554 (La.App. 3d Cir. 1979), writ denied, 379 So.2d 1102 (La. 1980). We find no abuse of discretion in the trial court's award of $2,000.00.
The plaintiff seeks an increase in the attorney's fee of an additional $2,000.00 to cover his attorney's services on appeal. Under the decisional law, attorney's fees for additional efforts on appeal are also awardable. Duhon v. Prof Erny's Music Company, Inc., 328 So.2d 788 (La.App. 3d Cir.1976). However, in the present case this request, which was made in plaintiff's brief, may not be considered by this Court, as plaintiff did not appeal or answer the appeal. Celestin v. Fireman's Fund Insurance Company, 430 So.2d 1263 (La. App. 1st Cir.1983); Arrow Fence Co. v. DeFrancesch, 466 So.2d 631 (La.App. 5th Cir.1985), writ denied, 468 So.2d 575 (La. 1985).
Judgment of the Trial Court is silent as to the duration of the disability benefit payments and should be amended to limit the payments to 450 weeks in accordance with the law.

CONCLUSION
For the foregoing reasons the judgment of the Trial Court is amended to limit the payment of compensation benefits and is affirmed as to all other issues. The costs of both the Trial Court and the Appellate Court are assessed against the defendant.
AFFIRMED IN PART, AMENDED IN PART, AND RENDERED.
NOTES
[*] Judge Lucien C. Bertrand, Jr. of the Fifteenth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.